Argued December 9, affirmed December 21, 1966

# STATE OF OREGON *v.* RONNIE WAGNER HANCOCK

421 P. 2d 687

*Jack E. Collier,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Defendant appeals from a judgment of conviction of the crime of assault and robbery, being armed with a dangerous weapon. He was identified as one of two men who held up a market at gunpoint in the St. Johns section of the city of Portland.

Defendant claims the court committed error in admitting into evidence a pistol and sweater because they were insufficiently connected with the defendant and the robbery. The pistol belonged to a friend of the defendant. The day after the robbery it was found in the basement of the friend's home. The defendant stayed with the friend from time to time and therefore had access to his house. The friend testified that

the afternoon before the evening of the robbery, defendant asked to see the pistol and the witness refused his request. The witness said he had both the pistol and its ammunition hidden, but when the pistol was found by him in the basement the next day it was not in its accustomed place which was on a curtain rod on the main floor of the house. The gun was identified by several persons who were at the scene of the robbery as being similar to the one used in the commission of the crime. One of them so testified because of certain white markings on the pistol. The sweater in question was also found in the basement as was a glass full of coins. The sweater had previously been at the witness's home and belonged to another friend of his. It was identified by a witness as being one worn by defendant at the time he fled the scene of the robbery.

The above-recounted evidence shows that both pistol and sweater were properly admitted in evidence. Circumstantial evidence may be admitted which tends to show defendant's capacity to commit the crime or the possibility that he did commit it. *State v. Harris,* 241 Or 224, 243, 405 P2d 492 (1965). It was shown that both gun and sweater were similar to the ones used by one of the robbers, that it was possible for defendant to have access to them, that the gun had been moved after defendant inquired about it, and that the sweater and gun were found in proximity to each other. These were all facts tending to connect defendant to the exhibits and the crime. The exhibits were therefore admissible.

The state's testimony was that upon leaving the market defendant and his confederate commandeered an automobile occupied by two high school girls who were thereafter driven about west Portland and the

adjacent area by the robbers for a period of three hours. The following testimony was given by one of the girls:

"Q  Did you see a gun, at any time, in the course of this driving?

"A  Yes, once.

"Q  When was that?

"A  When we were out on Sauvies Island, he put it up to my neck, my face.

"Q  Who did?

"A  The defendant.

"Q  Were you in or out of the car at this time?

"A  In.

"Q  Did you ever see this defendant, face to face, in the course of this evening?

"A  Yes.

"Q  For how long?

"A  I don't know.

"Q  When this gun was so placed to you, by this defendant, was anything said by him or anyone else?

"A  Yes. This is concerning the rape. He said we could either cooperate or die."

The defendant assigns as error the court's failure to grant his motion for a mistrial because of the witness's mention of rape. He claims that this constitutes evidence of a crime other than that with which he was charged and was, therefore, inadmissible. The defendant declined the court's offer to instruct the jury to disregard the statement concerning rape.

◼ If the witness was raped at gunpoint by defendant during the three-hour abduction, it was within the discretion of the trial court to admit evidence of it. It showed opportunity to identify both defendant and the gun under circumstances which would tend to

impress them upon the witness's memory. It also helped account for and explain the time which the witnesses claimed elapsed during the abduction and thus tended to establish their general credibility. Illustrative of the importance of the witnesses' credibility and ability to identify defendant was defendant's claim that the police had the wrong man, and the suggestion by defendant's counsel during argument that the witnesses may have been accomplices of the real robbers.

■ Defendant argues that the value of the testimony was outweighed by the possibility of prejudice. This is a determination within the trial court's discretion which will not be disturbed in the absence of abuse. *State v. Flett,* 234 Or 124, 127, 380 P2d 634 (1963). The following quotation from *State v. Adams,* 20 Kan 311, 319, used in *State v. Long,* 195 Or 81, 113, 244 P2d 1033 (1952), is relevant:

"* * * A party cannot, by multiplying his crimes, diminish the volume of competent testimony against him. * * *"

Also this court said:

"* * * a defendant cannot exclude evidence by making his actions criminal where the evidence would be admissible if his act was lawful. State v. Wye, 123 Or 595, 604, 263 P 60. * * *"

Again at page 120 this court said:

"* * * the state should have the right to explain and corroborate its testimony and fortify the credibility of witnesses whenever relevant facts are available for that purpose. * * *"

The judgment of the trial court is affirmed.