Argued September 17, affirmed November 7, 1969, petition
for rehearing denied January 8, 1970. Petition for
review denied by Supreme Court
February 26, 1970

## STATE OF OREGON, *Respondent, v.*
## JENNINGS BRYANT MOORE, JR.,
### *Appellant.*

460 P. 2d 866
463 P. 2d 373

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before Schwab, Chief Judge, and Langtry, Foley and Fort, Judges.

## SCHWAB, C. J.

Defendant appeals from a conviction upon jury trial of assault and robbery while armed with a dangerous weapon.

At 12:30 a.m. on December 3, 1967, the attendant of a gas station in southeast Portland was held up. The attendant identified the defendant as the robber. The defendant was familiar to the attendant because they had previously been inmates in the same jail at the same time. The robber wore a green jacket which appeared to be the same as the defendant had in his possession when arrested. The robber used a gun which the attendant said looked like the gun received in evidence at the trial. The robber initiated the transaction by asking, "Would you believe this is a holdup?" Later he displayed the gun and said, "Now would you believe it?" The robber left the scene in a black, 1960 Chevrolet, License No. 4S332. This is the crime of which the defendant was convicted.

At 9:45 p.m. on the same day, another gas station in southeast Portland, attended by Mr. and Mrs. Richard Lee, was robbed by two men. At the trial of the case at hand, both Mr. and Mrs. Lee identified the defendant as the man who held them up; however, Mr. Lee had previously failed to identify the defendant in a police lineup, although prior to the lineup he had picked the defendant's photograph from a

group of mug shots. The Lees testified that the defendant initiated this robbery by asking, "Would you believe this is a holdup?," at which time he pulled out a gun. Late in the evening of the day of the robberies, during a police "stake-out" at a southeast Portland residence, the defendant and another person arrived in the car identified as that used in the first robbery. After the defendant went into the house, police officers entered and arrested the defendant. At the time of arrest the defendant had in his possession the green jacket which was received in evidence at the trial and nine rounds of ammunition which fit the gun, later introduced as the robbery weapon at the trial. The next day the automobile was searched. The search produced additional ammunition of the same type, along with a holster. About a month later, the police were called to the same residence regarding a threat with a gun. At that time, one Taylor who lived at that residence, ran into a house two blocks away and "stashed" the gun in question amidst the laundry. It was recovered moments later at the time of the man's arrest. The evidence showed that a slot had been cut into the holster found in the "getaway" automobile and that this slot accommodated the trigger guard of the gun in question.

■■ After Mr. Lee identified the defendant in the courtroom, he testified on cross-examination that he had picked the defendant's photograph from a group of "mug shots," but had not recognized him in the lineup. Counsel for the defendant then moved for a mistrial and this gives rise to defendant's assertion on appeal that the recent "lineup" decisions of the United States Supreme Court, *United States v. Wade*, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967),

*Gilbert v. California,* 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967), *Stovall v. Denno,* 388 US 293, 87 S Ct 1967, 18 L Ed 2d 1199 (1967), require that a witness not be permitted to make an in-court identification if he could not make a lineup identification. We do not so construe them. While these opinions leave many questions unanswered, particularly those of a procedural nature, they clearly hold that in-court identification is admissible if it is independent of an illegal lineup. For a more complete analysis of the *Wade-Gilbert-Stovall* holdings, see *State v. Mershon,* 1 Or App 305, 459 P2d 551, decided by this court October 10, 1969 rev den (1970). The essence of the *Wade, Gilbert* and *Stovall* holdings is that the principle of the Sixth Amendment right to counsel at a critical stage requires that the court:

> "* * * [S]crutinize *any* pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself * * *." *United States v. Wade,* supra, 18 L Ed 2d 1149 at 1157.

Effective cross-examination in this case was in no way diminished by the identification procedure. In fact, the cross-examination produced the ultimate favorable result to the defendant so far as the lineup was concerned. It demonstrated that the witness, in looking at the defendant in the lineup prior to trial, did not identify him as the man who had robbed him. No error was committed in receiving Mr. Lee's identification testimony.

Defendant's second assignment of error is that the trial court erred in permitting in evidence testimony

that the defendant had robbed another gas station. There was evidence that the defendant robbed two separate gas stations in the southeast Portland area within a span of a few hours. He opened each transaction by stating, "Would you believe this is a holdup." While the expression "would you believe" may not be uncommon, we find nothing to indicate that it is one commonly used by armed men holding up gas-station attendants in southeast Portland.

■ Evidence that another crime was committed by the defendant by use of the same "novel means or in a particular manner" is admissible to show the identification of the defendant. *State v. O'Donnell,* 36 Or 222, 226, 61 P 892 (1900) as quoted in *State v. Howell,* 237 Or 382, 386, 388 P2d 282 (1964); *State v. La Rose,* 54 Or 555, 558, 104 P 299 (1909).

■ Defendant suggests that the proof that the defendant committed the collateral crime is not persuasive. To the contrary, the two witnesses to the crime identified the defendant, and one such identification (that of Mrs. Lee) was positive and unshaken. The evidence was admissible on the issue of identity.

■ The third assignment of error is that the gun was improperly received in evidence. It is relevant circumstantial evidence to show that a defendant had access to a weapon similar to that used in the commission of a crime. *State v. Hancock,* 245 Or 240, 421 P2d 687 (1966). In this case the evidence showed that the defendant used a gun in the commission of two robberies. The victim of the robbery for which the defendant was tried testified that the gun used looked like the gun offered in evidence. The court, for reasons which we need not here discuss, did not allow the victims of the collateral robbery to testify con-

cerning the gun used in that robbery. The evidence further showed that at the time of the defendant's arrest he had bullets in his jacket and bullets in his "getaway" car which fitted the gun in evidence. Also found in the car on the night of the robbery was a holster which was specially adapted to fit the trigger guard of that gun. The defendant was arrested in the residence where William Taylor lived. Almost a month after the robbery when police were called to that address in regard to a threat with a gun, Taylor was found in possession of the gun in question.

The facts of this case are distinguishable from those in *State v. Harrison*, 253 Or 489, 455 P2d 613 (1969) and *State v. Thompson*, 228 Or 496, 364 P2d 783 (1961), in which cases guns were introduced without any evidence, circumstantial or otherwise, to identify them as those used by the respective defendants. The gun was properly received as circumstantial evidence.

■ Defendant's fourth assignment of error is that the court erred by calling attention to the fact that the defendant did not testify. At the defendant's request the court gave a standard uniform instruction to the jury. Having done so, the court realized the inappropriateness of the instruction and began to instruct the jury more precisely. Apparently realizing, then, that such comment would indicate to the jury that the defendant did not testify, the court discontinued the explanation prior to actually making such indication.

The italicized portion of the instruction set out below represents the uniform instruction requested by the defendant. The non-italicized portion represents the court's additional comment.

> "*A witness found to be intentionally false in part of his or her testimony is to be distrusted in*

*others. The term 'witness' includes the parties;* except, of course, here there was, of course, no testimony here other than —

"Well, just strike that."

When defendant took exception to the giving of the instruction which he had requested, the court offered to "give this clarifying instruction to the jury, which would make it abundantly clear that there is no burden or any responsibility on the part of the defendant; that he may remain silent, and there can be no inference drawn from it." The defendant objected to the giving of any clarifying instruction, and the court did not give it. The defendant, by requesting the instruction, invited that which followed.

■ *State v. Wederski,* 230 Or 57, 368 P2d 393 (1962) and *Griffin v. California,* 380 US 609, 85 S Ct 1229, 14 L Ed 2d 106, reh. den. 381 US 957 (1965), forbid the use of the defendant's failure to testify as an indication of guilt either by the prosecutor in his argument or by the court in its instructions. Here, no such thing occurred and no error was committed.

Affirmed.

**ON PETITION FOR REHEARING**

*Ken C. Hadley*, Deputy Public Defender, Salem, for the petition. With him on the petition was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY and FORT, Judges.

## SCHWAB, C. J.

The defendant has filed a petition for rehearing which, with one exception, reargues points raised in his brief on appeal and discussed in the opinion of this court handed down on November 7, 1969. The exception is that in his petition for rehearing, defendant for the first time argues that the trial court should have granted a mistrial because on cross-examination, state's witness, Richard Lee, testified that the defendant, whom Lee had not been able to identify in a police lineup, had been pointed out to him as his assailant by the prosecutor or a police officer in the hall of the courthouse, apparently during a trial recess.

■ He argues that the identification of the defendant by Lee was therefore the direct result of a suggestive and improper identification procedure in violation

of *United States v. Wade*, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967), and *Stovall v. Denno*, 388 US 293, 87 S Ct 1967, 18 L Ed 2d 1199 (1967). No motion for a mistrial was made on the basis of that occurrence.

"* * * [S]ince the defendant did not ask the trial court to rule on that issue, there is no ruling for this court to review on appeal. State v. Abel, 241 Or 465, 467, 406 P2d 902 (1965) ; State v. Avent, 209 Or 181, 183, 302 P2d 549 (1956)." *State v. Hollman*, 251 Or 416, 446 P2d 117, 120 (1968).

Petition for rehearing denied.