Argued October 30, affirmed November 21, 1969

STATE OF OREGON, *Respondent, v.*
JAMES ARNOLD MADDEN,
*Appellant.*
(Case No. 91212)
461 P. 2d 834

*Gary D. Babcock,* Public Defender, Salem, argued
the cause and filed the brief for appellant.

*Michael E. Murphy,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on

the brief was John B. Leahy, District Attorney, Eugene.

SCHWAB, C. J.

Defendant was indicted, tried by jury and convicted of the crime of armed robbery. ORS 163.280. His sole assignment of error on appeal is that the procedures used shortly after the robbery to identify him as the holdup man violated his constitutional right in that they did not conform to the requirements of the recent "police lineup" decisions of the United States Supreme Court. *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967); *Gilbert v. California,* 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967).

At approximately 11 p.m. on July 1, 1968, the defendant held up a service station at gunpoint and escaped with the money. After the defendant drove away, the attendant called the police, who set up observation posts to watch for the defendant's car. The police promptly apprehended the defendant, and approximately 30 minutes after the robbery took place, two of the five people present at the service station during the holdup, including a Mrs. Hafley, arrived at the scene. The handcuffed defendant was placed in front of the headlights of the Hafley car at which time Mrs. Hafley identified the defendant as the robber. She also identified his car as the one driven by the robber.

■ The defendant contends that under the *Wade-Gilbert* doctrine it was error to permit Mrs. Hafley to identify him in the manner outlined without first advising him of his right to have counsel present.

■ The *Wade-Gilbert* requirements do not apply to on-the-scene investigatory confrontations of a suspect and witnesses conducted shortly after the crime. The rationale in support of this position is ably set forth in the state's brief and we quote from it:

"* * * If it were necessary to appoint an attorney for the suspect who is stopped near the scene prior to confronting him with witnesses to the crime, the lineup would be considerably delayed. If the suspect is innocent, this delay would be an extreme imposition on him; he will be interested in getting cleared of suspicion as soon as possible. The delay would be intolerable to the police, who will wish to check out other leads in the event that the witnesses do not identify the suspect. Moreover, the delay would not serve the interest of justice since the witnesses are more likely to be able to make a reliable identification shortly after the crime than later.

"In recognition of these considerations, the courts have refused to extend *Wade* and *Gilbert* to in-field confrontations. The most notable decision is *Bates v. United States,* 405 F2d 1104 (1968). The defendant, who had attacked two girls in their apartment, was apprehended 30 minutes afterwards and returned to the girls' apartment for identification. In an opinion by Justice Burger, the court held that *Wade* and *Gilbert* do not apply to confrontations staged near the time of the alleged crime:

" 'There is no prohibition against viewing of a suspect alone in what is called a "one man showing" when this occurs near the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy * * *. The police action in returning the suspect to the vicinity of the crime for immediate identification in circumstances such as these fosters the desirable objectives of fresh accurate identification

which in some instances may lead to the immediate release of an innocent suspect and at the same time may enable the police to resume the search for the fleeing culprit while the trail is fresh.'

"A later case before the same court is in accord, *Young v. United States,* 407 F2d 720 (1969).

"In *United States v. Davis,* 399 F2d 948 (1968), the court suggested drawing a line similar to that drawn in *Escobeda* [sic] between confrontations held in the investigatory and the accusatory stages of an investigation. The defendant, who was apprehended near the state line on suspicion of having taken a stolen car across the border, was escorted back to the state line for identification by a tollkeeper. The court stated:

" 'It is hard to believe the court meant to prevent an officer from making such a routine, uncontrived inquiry and to require that the victim and the bystanders be carted off to a police station, held on the spot until counsel could be arranged at some later time.'

"At least four other cases have reached similar conclusions. In *People v. Moore,* 244 NE2d 337, 104 Ill App 2d 343 (1968), a purse snatcher was arrested moments after the act and taken to the victim for identification. The court held that *Wade* and *Gilbert* do not apply to 'this kind of on-the-spot identification.' In *State v. Boens, supra,* [8 Ariz App 110, 443 P2d 925 (1968)] the defendant, who had held up a filling station, was arrested and returned to the station within 15 minutes of the robbery for identification. The court held:

" 'We do not believe that it was the intent of the Supreme Court to categorize on-the-scene identifications, such as this one, as being at a critical stage in the "prosecution" of the accused.'

"In *Commonwealth v. Bumpus,* 238 NE2d 343, 354 Mass 494, 393 US 1034 (1968), the defendant

was arrested immediately after a burglary and taken to a witness for identification. The court held:

" 'Reasonable confrontations of this type in the course of (or immediately following) a criminal episode, seem to us to be wholly different from post-indictment confrontations (such as those in the Wade and Gilbert cases) in serious crimes after a significant interval of time, and in the absence of already appointed counsel.   *   *   *.  This is an area where proper police protection may be greatly embarrassed by rigid rules restricting intelligent, fair police action.' "

Affirmed.