Argued January 20, affirmed March 5, petition for
rehearing denied March 24, 1970. Petition for
review denied by Supreme Court
May 27, 1970

# STATE OF OREGON, *Respondent, v.*
# HARLEY WILLIAM MILLER,
## *Appellant.*
### 465 P2d 894

*Glenn D. Ramirez,* Klamath Falls, argued the cause and filed the briefs for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. On the brief was Donald R. Crane, District Attorney, Klamath Falls.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

Defendant and one Glover were indicted for the crime of assault and robbery while armed with a dangerous weapon. Defendant was tried separately before a jury and convicted.

At approximately 2:15 a.m., December 23, 1968, a grocery store in Klamath County, Oregon, was robbed by two men, each of whom carried a hand gun. One of the robbers was wearing sunglasses. Stolen in the robbery were currency and dimes, nickels, and pennies in rolls. After the robbers departed Mrs. Blofsky, the victim of the robbery, called the police. En route to the store in response to this call Officer Schoenberg of the Oregon State Police noticed three automobiles on the highway going away from the store. He relayed the descriptions of these automobiles to his headquarters by radio. About one-half hour prior to the robbery and on the street on which the store is located a city policeman from Klamath Falls, Oregon, had issued a traffic ticket to one Veltri of Salem, Oregon, the driver of a 1954 Ford sedan, license number 6C3582. Veltri's automobile fitted the description of one of the automobiles observed by Officer Schoenberg leaving the vicinity of the robbery. The city police discovered Veltri's automobile at a motel in Klamath Falls. At 3:50 a.m. Schoenberg went to the motel unit and talked with Veltri. The defendant and Glover

were also present. Schoenberg left the motel after the men refused his request that they accompany him to the police station to allow Mrs. Blofsky to look at them. The city police maintained surveillance over the motel unit.

The occupants of the motel unit were observed packing what appeared to be clothing into the automobile. Defendant, Veltri, and Glover then departed the motel in the automobile. Veltri was driving. Officer Rose of the Klamath Falls city police followed the automobile and noticed that it had no light over the rear license plate in violation of ORS 483.406(2). The automobile was stopped at about 4:30 a.m. and Officer Rose issued a citation for the traffic violation. About four minutes after the automobile was stopped, Schoenberg and Mrs. Blofsky, the robbery victim, arrived at the scene. Defendant, Veltri, and Glover were asked to step out of the automobile and did so. Mrs. Blofsky was asked to look at the men to determine whether they were the robbers. She stated that she had never seen Veltri but she identified Glover as one of the robbers and stated the defendant resembled the other one in build, height and facial features, but that she was not positive that he was the one.

At that time the three occupants of the automobile were arrested for the robbery. The automobile was sealed and towed away under police supervision. The motel room was subsequently searched without a warrant and a hand gun and a switchblade knife were seized. The officers then obtained a warrant to search the automobile. This search produced a hand gun similar to that used in the robbery, two pair of sunglasses similar to those worn in the robbery, .38 caliber bullets, .22 caliber bullets, and a checkered

hat containing 150 pennies and 40 nickels. Pennies are wrapped in rolls of 50, nickels in rolls of 40.

Prior to trial defendant moved to suppress the identification by Mrs. Blofsky and the evidence seized in the searches of the motel room and the automobile. The motion was denied and, over the objection of defendant, the identification by Mrs. Blofsky and the items seized in the search of the automobile were received into evidence at trial. Defendant has assigned as error the denial of the motion and the admission of the evidence.

■ Since defendant concedes that the police had the right to stop the automobile, we need not consider whether all that followed was justified solely because the police managed to note a motor vehicle violation. The police suspected the occupants of the automobile were the robbers and their primary purpose in stopping the vehicle was to determine whether this was true before the occupants could get away. The occupants had not previously been arrested because apparently the police were not sure that their suspicions were sufficiently well warranted to constitute probable cause to arrest. Even if the officers were correct in their concern, the brief restraint of the defendant and his companions for the purpose of investigation was not improper.

> " 'We conclude that no right of the appellee was violated when the officers stopped the car and that the subsequent seizure of the evidence upon which he was convicted was justified as pursuant to a lawful arrest. While it is clear that at the time appellee's car was pulled over probable cause for an arrest did not exist, it is also clear that not every time an officer sounds his siren or flashes a light to flag down a vehicle has an arrest been made. The initial act of stopping appellee's car

was not an arrest. Granting that the constitutional prohibition against unreasonable searches and seizures makes no distinction between informal detention without cause and formal arrest without cause, there is a difference between that "cause" which will justify informal detention short of arrest and the probable cause standard required to justify that kind of custody traditionally denominated an arrest. Our concern here is what degree of cause will justify cursory, informal detention in circumstances which would not justify an arrest, and whether the officers met that standard in the particular circumstances of this case.

" 'We take it as settled that there is nothing ipso facto unconstitutional in the brief detention of citizens under circumstances not justifying an arrest, for purposes of limited inquiry in the course of routine police investigations. Rios v. United States, 364 U.S. 253, 80 S. Ct. 1431, 4 L.Ed2d 1688 (1960); Busby v. United States, 296 F.2d 328 (9th Cir. 1961). A line between reasonable detention for routine investigation and detention which could be characterized as capricious and arbitrary cannot neatly be drawn. But due regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' 361 F2d at 414-415." *State v. Cloman,* 254 Or 1, 7-8, 456 P2d 67 (1969), quoting from *Wilson v. Porter,* 361 F2d 412 (9th Cir 1966).

Here it was reasonable for the officers to suspect the occupants of the automobile. The automobile had been seen near the scene of the robbery and, soon after being contacted about the robbery in the early

hours of the morning, the occupants of the automobile apparently were leaving town. The officers knew that the driver was from out of town. If they were to determine whether their suspicions were correct, it was necessary for them to act immediately. Having a reasonable suspicion, it was proper for the officers to stop the automobile to determine whether the occupants could be identified by the victim.

■■ Defendant contends that Mrs. Blofsky should not have been permitted to make an in-court identification because the identification procedures used at the time the automobile was stopped did not comply with the requirements of *United States v. Wade*, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967) and *Gilbert v. California*, 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967). "The *Wade-Gilbert* requirements do not apply to on-the-scene investigatory confrontations of a suspect and witnesses conducted shortly after a crime." *State v. Madden*, 1 Or App 242, 461 P2d 834 (1969). It was not error to permit Mrs. Blofsky's in-court identification.

· Defendant contends the items seized in the search of the vehicle should not have been admitted into evidence because the affidavit supporting the issuance of the search warrant did not indicate there was probable cause to search. At approximately 10:15 a.m. of the day of the robbery Officer Schoenberg submitted the following affidavit to the magistrate who issued the warrant:

"I, W. D. Schoenberg, being first duly sworn, depose and say: that on about the 23 day of December, 1968 an armed robbery was committed at Idella's grocery located at 4846 South Sixth Street, Klamath Falls, Oregon; that after said robbery two occupants of a 1954 Ford sedan bearing Ore-

gon license number 6C3582, namely George Wellington Glover and Harley William Miller, were arrested and were identified by Vivian Blofsky, the victim of said armed robbery, as being the persons committing said crime; that there were two guns used in said robbery and one gun has been recovered; that there is good reason to believe that the other weapon may be in the said Ford sedan; that said Ford sedan is presently located at Whitey's Towing, 1630 Martin Street, Klamath Falls, Oregon; that there is good reason to believe that money and/or money wrappers from money taken in said robbery may be in said Ford sedan for reasons stated above * * * "

■ This affidavit fails to state expressly the source of the information, its reliability, or the underlying circumstances as to how the information was acquired. *State v. Dinney*, 1 Or App 473, 462 P2d 698 (1969) Sup Ct review denied (1970); *Aguilar v. Texas*, 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964). However, "upon a common sense reading of the entire affidavit," *Spinelli v. United States*, 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969), the source of the information and the underlying circumstances are sufficiently indicated. That an armed robbery has been committed and two suspects have been arrested, after one has been positively and the other tentatively identified by the victim, is information that the affiant ordinarily would not obtain except by personal observation, communication from the victim, or communication from another police officer relaying his personal observations and communications from the victim. This is especially true when, as in this case, the affidavit is executed in the mid-morning of the day of the robbery. When information is acquired through the personal observations of the affiant the

rule of *Aguilar v. Texas,* supra, is not applicable. If information based on personal observation comes to the affiant from either the victim or another police officer nothing additional is needed to establish the reliability of the informant. *McCreary v. Sigler,* 406 F2d 1264, 1269, reh. den. (8th Cir 1969).

■■The determination that the information was reliable does not in itself resolve the question of whether it was sufficient to establish probable cause in a search of the automobile. Here the affidavit indicates that a gun used in the robbery and money and money wrappers stolen in the robbery had not yet been recovered by the police. One would ordinarily expect such items to be on the persons, or in the immediate vicinity of the robbers on the day of the robbery. Even though the suspects had been arrested the items were still unrecovered. It was reasonable to believe the items would be in the automobile. Although the affidavit was not artfully drawn, we consider it sufficient under the rule that the magistrates' "determination of probable cause should be paid great deference by reviewing courts, *Jones v United States,* 362 US 257, 270-271, 4 L Ed 2d 697, 707, 708, 80 S Ct 725, 78 ALR 2d 233 (1960)." *Spinelli v. United States,* supra, at 645. The warrant was properly issued.

■ Defendant also contends that the items seized should not have been admitted because they were irrelevant, incompetent, and immaterial. This contention is without merit. Although defendant was neither the driver nor the owner of the automobile his access to the items seized rendered them admissible as evidence. *State v. Moore, Jr.,* 1 Or App 394, 460 P2d 866 (1969), Sup Ct review denied (1970); *State v. Roisland,* 1 Or App 68, 459 P2d 555 (1969); *State v. Hancock,* 245 Or 240, 241, 421 P2d 687 (1966).

At the close of the state's case defendant moved for a judgment of acquittal on the ground of insufficient evidence. At the close of his own case defendant renewed this motion and further moved for a directed verdict. He has assigned as error the denial of these motions. These assignments of error are without merit. There was ample evidence to take the issue to the jury.

Affirmed.