Argued September 23; affirmed October 15, 1970

STATE OF OREGON, *Respondent, v.* JAMES
ALBERT FRANKLIN CARLSON, *Appellant.*

475 P2d 431

*Richard A. Reichsfeld,* Portland, argued the cause
for appellant. With him on the brief were Gregory &
Reichsfeld, Portland.

*Jacob B. Tanzer,* Solicitor General, Salem, argued
the cause for respondent. With him on the brief was
Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and
FORT, Judges.

FORT, J.

The defendant was convicted of the crime of assault with intent to rob, committed in the office of a Travelodge motel. He appeals, asserting as error the denial of a motion to suppress lineup evidence and claimed taint resulting therefrom.

We have previously discussed the rules generally relating to lineup procedures in *State v. Mershon,* 1 Or App 305, 459 P2d 551 (1969) Sup Ct *review denied* (1970); *State v. Moore,* 1 Or App 394, 460 P2d 866 (1969), 90 Adv Sh 49, 463 P2d 373, Sup Ct *review denied* (1970); and *State v. Madden,* 1 Or App 242, 461 P2d 834 (1969).

Here, prior to trial, the court conducted an extensive colloquy with counsel, followed by lengthy testimony on the motion to suppress in the course of the usual *in camera* hearing. Both defendant and his co-indictee testified therein. At its conclusion the court instructed the state not to offer evidence concerning the lineup in its case-in-chief, but also held both that the lineup itself was valid and that the defendant prior thereto had lawfully in writing waived his right to have an attorney present at the lineup.

Counsel also handed the judge, during the pre-hearing colloquy and prior to the taking of testimony, a photograph of the lineup. No objection was made to this. The photograph was never marked or offered at any stage of the proceedings. Based thereon, the court preliminarily held the photograph itself was not unfair. It is not included in the record on appeal. Thus we cannot consider it. The record shows that all of the proceedings on the motion to suppress were conducted on the clear assumption by all concerned that the case would, following the *in camera* hearing, be tried to a jury on the merits.

The following morning, however, when the case was called for trial, the defendant and his counsel waived trial by jury and consented to the trial of the case by the same judge who had, the day before, heard and ruled upon the motion to suppress.

At the trial defendant together with his co-defendant were positively identified by the person alleged in the indictment to have been assaulted as the persons who committed the crime. No question either on direct or cross-examination was asked of her concerning any lineup proceeding, or her involvement therein. At the trial the defendant himself testified. No question was asked of him by either counsel concerning his participation in any lineup proceeding, or even whether there was such a thing.

Thus it is difficult to understand from this record on what basis the defendant claims error.

At the trial, nothing concerning the lineup was introduced in evidence. Examination of the testimony shows that the identification of the defendant at the trial was clear, unequivocal, and in no way influenced by anything occurring outside the courtroom.

The defendant who waives a jury and expressly consents to the case being tried by the judge who conducted the *in camera* hearing on his motion to suppress cannot, following conviction, contend that conviction is tainted because that judge also heard testimony and considered matters brought to his attention by counsel in the motion to suppress evidence.

The judgment is affirmed.