Argued June 25, affirmed July 29, 1971

STATE OF OREGON, *Respondent, v.* GARY GORDON CADWALADER, *Appellant.*

487 P2d 678

*Douglas G. Combs,* Eugene, argued the cause for appellant. With him on the brief were Combs & Hutchinson, Eugene.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

The principal issue in this appeal from defendant's conviction for armed robbery is whether a near-the-scene identification confrontation between the defendant without counsel and the victim violated his Sixth Amendment right to counsel.

The victim, a 75-year-old widow who operated a service station-store, testified she had viewed the two robbers in her store for six or seven minutes at the time the robbery occurred, between 10:45 to 11 a.m. They left in an automobile. At approximately 11:20 a.m. a policeman observed a vehicle matching the description of the suspect vehicle and gave chase. The suspect vehicle ran off the road and the officer observed the two occupants flee into the woods. The officer could not positively identify them. However, he testified that defendant and another resembled and appeared to be the occupants on the basis of the clothing both were wearing and the fact that one, the defendant, had red hair. After the occupants fled into the woods, approximately 20 officers, including officers in a helicopter, began a search for them at which point defendant and his companion, James Phillip Brown, came out of the woods and were placed under arrest. They were then held until 3 p.m. or 3:30 p.m. when the victim was taken by a deputy to the

location of arrest where she identified this defendant who was seated alone in the back seat of a patrol car. She testified:

"\* \* \* The minute I walked up there, I said, 'Well, here he is, right here, sitting in the car all alone in the back seat.' And he had the bright red hair, and that's about all I can say."

No evidence was given at the trial of the on-the-scene identification. The victim positively identified the defendant in court:

"Q I asked you, is there any question in your mind, as you sit there in the witness chair, that this man here (indicating), Mr. Cadwalader, is the man that held the gun on you during the robbery of July 9th, 1970?

"A There's no question at all about that. He is the party."

The trial court ruled that the robbery victim's view of defendant at the scene of defendant's arrest was an on-the-scene confrontation to which the *Wade-Gilbert*[①] requirement of counsel does not apply. See *State v. Miller,* 2 Or App 87, 93, 465 P2d 894, Sup Ct *review denied* (1970); *State v. Madden,* 1 Or App 242, 461 P2d 834 (1969).

The court further found "by clear and convincing evidence" that the victim's identification of the defendant was wholly independent of the out-of-court identification.

The victim testified that she viewed the robbers in the store for six or seven minutes at the time the robbery occurred. When she was taken to the scene of

---

[①] United States v. Wade, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967); Gilbert v. California, 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967).

defendant's arrest, defendant was not pointed out to her. Instead, she spotted him seated alone in one of the several police cars at the scene and promptly identified him as one of the robbers. She testified emphatically that her viewing of defendant and Brown at the scene of their arrest did not affect her ability to identify them.

We agree with the trial court that whatever occurred at the confrontation is immaterial since the robbery victim was able to and did identify defendant independently of that confrontation. See *State v. Dixon,* 5 Or App 113, 481 P2d 629, Sup Ct *review denied* (1971); *State v. Mershon,* 1 Or App 305, 309-310, 459 P2d 551 (1969), Sup Ct *review denied* (1970).

■ After the victim had identified the defendant at the scene of arrest, she was taken to the county shops where she saw and positively identified the get-away car. She was then shown a photograph of an automobile which she identified as similar to the one used by the robbers but which she could not identify positively. The officer who took her to the county shops was permitted to testify, over defendant's hearsay objection, that she had identified the automobile which was the same one shown in the photograph as the one used by the robbers. This is defendant's second assignment of error. However, even assuming that it was improper for the officer to testify as to the identification of the automobile made by the victim, the impropriety was not reversible error under the circumstances of this case, because the victim had already in her testimony positively identified the car.

The receipt of incompetent identification testimony is not prejudicial error, where the identification is fully

and clearly established by other competent evidence. See, e.g., *State v. Nunes,* 251 Or 49, 52-53, 444 P2d 542 (1968). This rule is applicable here. *State v. McLean,* 1 Or App 147, 459 P2d 559 (1969), *affirmed* 255 Or 464, 468 P2d 521 (1970).

The other assignments of error have no merit and do not warrant discussion.

Affirmed.