Argued February 22, affirmed March 23, 1972

STATE OF OREGON, *Respondent, v.* JOHN W. SEAY, JR. (No. C-71-01-0016Cr), *Appellant.*

495 P2d 39

*Gerald D. Wygant,* Portland, argued the cause for appellant. With him on the brief was Richard G. Helzer, Portland.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Burgess, Special Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction and sentence for armed robbery. His assignments of error claim that (1) he was denied a speedy trial, (2) he was subjected to double jeopardy, (3) a knife found on him when he was apprehended should not have been received in evidence, (4) the evidence did not support conviction, and (5) a less than unanimous jury verdict should not have been received. The last assignment does not merit discussion.

Hugh Erickson was attendant at a service station when, at 1:30 to 1:45 a.m., January 4, 1971, a distinctively damaged vehicle drove in. Its two occupants, one of whom Erickson clearly saw and later definitely

identified as defendant, robbed him. Defendant in the process stepped behind Erickson and held something he could not see against his back and said "This is a stickup." When the robbers left, Erickson called police and gave a description of the vehicle and its occupants. Within 45 minutes and about a mile away a vehicle answering the description was located, and defendant, who answered Erickson's description of one of the robbers, was apprehended. At that time defendant unsuccessfully attempted to escape. A produce knife was found on him which was later received in evidence.

Defendant was indicted for armed robbery February 24, 1971, and pled not guilty March 5. He asked for and received one set-over for trial, and subsequently the state asked for and received two set-overs because Erickson, the prosecution witness, was hospitalized. Trial was had on August 11, 1971. Soon after the arrest a municipal charge of carrying a concealed weapon was placed against defendant on account of his possesion of the produce knife. He was found not guilty of violation of the specific ordinance provision involved.

■■ ■ Defendant was not denied his constitutional right to a speedy trial. The first part of the delay was at the instance of defendant; thereafter delay was for the good reason that the prosecution witness was hospitalized. Slightly more than seven months elapsed between arrest and trial.[①] The delays occasioned by these circumstances cannot be interpreted as oppressive or arbitrary. No specific prejudice has been

[①] *See* United States v. Marion, 404 US 307, 92 S Ct 455, 30 L Ed 2d 468, 470 (1971).

shown to the presentation of defendant's case. *State v. Robinson,* 3 Or App 200, 211-13, 473 P2d 152 (1970).

■ ■ The defendant contends that because he was found innocent of the municipal offense of carrying a concealed weapon it was violative of the constitutional former jeopardy prohibition to try him for armed robbery. The armed robbery charge required proof of a different "offense" and different facts, namely, the use of a weapon as a part of accomplishing the stealing of money from Erickson against his will. Whether the weapon was concealed or concealable on defendant was no element at all of this proof. The knife is in evidence. It is a curved blade with a wooden handle, which could be dangerous to a person, depending upon how it might be used. There is no merit to this assignment. *State v. Miller,* 5 Or App 501, 504-505, 484 P2d 1132, Sup Ct *review denied* (1971).

■ ■ Erickson did not see what defendant placed against his back when defendant told him he was being robbed. He did know it was something that he reasonably inferred was a weapon. He was asked on cross-examination: "Q * * * [Y]ou don't know that he stuck something in your back? A. Yes, I do." When defendant was apprehended in the area within an hour the knife was found concealed upon him. He answered the description Erickson had given of the robber, was in the vehicle answering the description given, and had in his possession an unusually large number of 25-cent pieces, which fit the description of part of the stolen money. Under these circumstances, to exclude the piece of evidence from which the inference could be drawn that defendant had the weapon to perpetrate the crime would be illogical. Defendant relies on *State v. Thompson,* 228 Or 496, 501, 364 P2d 783 (1961), but we find nothing in that decision which leads us to be-

lieve that the knife should be excluded in this case. The time, place and all of the other circumstances under which the knife was found in the case at bar are quite different from the circumstances of *Thompson*. The knife was properly admitted. *State v. Moore,* 1 Or App 394, 399-400, 460 P2d 866 (1969), 463 P2d 373, Sup Ct *review denied* (1970).

■ ■ Erickson positively identified defendant in court, saying he had seen him distinctly before and after defendant stepped behind him. Because the court, *in camera,* excluded Erickson's identification of defendant at a lineup (because defendant was not there afforded an attorney), defendant claims the in-court identification should have been excluded. Defendant says the prosecution did not prove the in-court identification was untainted by the lineup identification. The facts do not support defendant's contention. *State v. Mershon,* 1 Or App 305, 459 P2d 551 (1969), Sup Ct *review denied* (1970).

The court properly rejected defendant's motion for acquittal. *State v. Nix,* 7 Or App 383, 491 P2d 635 (1971).

Affirmed.