Fredrick **BRACKEN**, Plaintiff in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Nov. 9, 1972.

Certiorari Denied by Supreme Court Jan. 15, 1973.

———◆———

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Donald D. Strother, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant, Fredrick Bracken, appeals from his conviction of robbery with a deadly weapon and sentence to 15 years in the penitentiary.

On September 28, 1971, the prosecutor, Albert G. Sims, and his sister, Mrs. Janice Dukes, drove to Mississippi and Trigg Streets in Memphis where the defendant asked Sims for a ride. Although Sims did not know Bracken, he agreed and took him to Mississippi and Walker Streets where Bracken got out. After taking a step, Bracken turned and pointed a .25 caliber pistol at the prosecutor. The defendant robbed Sims of $40 to $60 and ran up the street. The defendant whistled to the driver of a passing yellow Ford automobile, entered it and drove away.

Sims took the license of the Ford and notified police of the number and gave them a description of the automobile. Within a short time that automobile returned to the location of the robbery and officers arrested the driver and the defendant. The defendant had a .25 automatic pistol as well as some money. The prosecutor and his sister were still at the scene and went to the automobile where they identified the defendant as the one who committed the robbery.

Nolan Mason, Jr., the driver of the Ford automobile, testified that he saw the defendant at Mississippi and Walker Streets and gave him a ride; that in the car the defendant counted a roll of bills; that the defendant went in a house and returned after about three minutes and they then drove back the same way they had come. When the officers told them to pull over, Mason says the defendant undertook to get his pistol from his hip pocket.

The defendant did not testify or offer any evidence.

The defendant contends that the extra-judicial identification made by the prosecutor and his sister was unduly suggestive in that there was no lineup held.

The defendant was virtually caught in the act. Within a few minutes of the crime, he returned to the scene and was immediately identified by the prosecutor and his sister.

 *Wade-Gilbert* rules do not apply to on-the-scene investigatory confrontations of a suspect conducted shortly after a crime. See Russell v. United States, 408 F.2d 1280, cert. denied 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245; Commonwealth v. Bumpus, 354 Mass. 494, 283 N.E.2d 343; State v. Madden (In Banc, 1969), 1 Or.App. 242, 461 P.2d 834; McPherson v. State (Supreme Court of Indiana, 1969), 253 N.E.2d 226; State v. Thomas (New Jersey Appeals, 1969), 107 N.J.Super. 128, 257 A.2d 377.

In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, the United States Supreme Court held that the per se exclusionary rule of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, does not apply to pre-indictment confrontations.

There was no abuse of the defendant's rights in his identification here by the prosecutor and his sister. This assignment is overruled.

 The evidence fully sustains the jury's verdict and the judgment is affirmed.

MITCHELL and DWYER, JJ., concur.