Argued January 13, affirmed February 15, 1927.

# STATE *v.* ALBERT HAYNES.

## (253 Pac. 7.)

**Criminal Law—Refusal to Grant Continuance on Change of Counsel to Permit Arranging Defense Held not Abuse of Discretion.**

1. Where, after counsel for defense has been excused because of change of testimony by defendant to liquor charge, and additional counsel had appeared at end of hour given defendant by court and had requested continuance until afternoon for purpose of arranging defense, refusal of court to grant continuance *held* not abuse of discretion; defendant having been ably defended and his rights scrupulously observed.

**Criminal Law—Corroboration of Codefendant's Testimony Concerning Defendant's Possession and Use of Unregistered Still Held Sufficient.**

2. In prosecution for possession of unregistered still and still worm, evidence *held* sufficient to establish corroboration of accomplice, codefendant, concerning carrying on of business requiring possession and use of still by defendant; corroborating testimony being as to things part of *res gestae*.

**Criminal Law—Corroboration of Accomplice's Testimony Need Only be as to Material Particulars not as to Every Particular.**

3. Corroboration necessary to sustain testimony of accomplice need not go to full extent of establishing crime beyond reasonable doubt, wholly independent of confederate's testimony; corroboration only as to material particulars being necessary.

**Criminal Law—Account of Division of Liquor Between Codefendants to Prosecution for Possessing Still Held Admissible, Being Declaration of Confederate and Part of Res Gestae.**

4. Paper, in handwriting of codefendant to prosecution for possessing unregistered still and still worm, showing account of division of liquor between two codefendants, *held* admissible; being declaration of confederate while crime was being committed, as part of *res gestae*.

**Criminal Law—Refusal to Require Election Between Two Unregistered Stills Held not Error, Evidence Showing Two were Used Together.**

5. Where state, conducting prosecution for possession of unregistered still, offered in evidence two sets of distilling equipment, refusal of court to require state to elect as to which of outfits intended to be relied upon for conviction *held* not error; there being evidence that two sets were worked together to make double still capable of greater production.

1. See 6 R. C. L. 551.
3. See 1 R. C. L. 168.

Criminal Law—Moonshine Whisky and Bucket and Barrel Containing Mash Held Competent to Prove Motive for Possessing Unregistered Still, Being Part of Res Gestae.

6. Bucket and barrel, containing mash and six gallons of moonshine whisky introduced in prosecution for possessing unregistered still, *held* competent to show motive for possession of still, being part of *res gestae.*

Witnesses—Questioning of Codefendant to Prosecution for Possession of Unregistered Still Concerning Previous Statements, After Failure to Bring Out Favorable Testimony Expected, Held Permissible to Excuse Failure.

7. Where state, prosecuting for possession of unregistered still, failed to get certain favorable testimony from one of defendants and confronted such witness with written statement on subject, questioning as to making of such statement inconsistent with testimony *held* permissible; object being to excuse failure to secure favorable answers to questions, not to produce substantive evidence.

---

Criminal Law, 16 **C. J.**, p. 483, n. 12, p. 572, n. 32, 36, p. 704, n. 35, 36, 37, p. 709, n. 2, p. 711, n. 21, p. 712, n. 30, p. 861, **n. 30.** Intoxicating Liquors, 33 **C. J.**, p. 758, n. 80, 95. Witnesses, 40 **Cyc.**, p. 2692, n. 2, p. 2738, n. 5.

From Wasco: FRED W. WILSON, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. R. B. Parsons.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. T. Leland Brown,* with an oral argument by *Mr. Francis V. Galloway,* District Attorney.

BURNETT, C. J. — 1. The defendant and one Ackermann were indicted for the unlawful possession of a still and still worm, without having the same registered. Ackermann pleaded guilty and the defendant Haynes pleaded not guilty. Several days

---

7. See 28 **R. C. L.** 644.

prior thereto the case had been set for trial on February 16, 1926. The defendant had retained Frank Dick as his attorney, who, discovering early on the date of the trial that the codefendant, who was to appear as a witness for the state, was intending to change his testimony, withdrew from the defense by leave of court. The court then granted the defendant an hour in which to retain another attorney. The present counsel for the defendant appeared at the end of the hour and without making any showing by affidavit asked for an extension of time until the afternoon at 1 o'clock for the purpose of arranging the defense for the defendant. The court declined to grant the continuance but compelled the defendant to go on with the trial. There is no showing in the record about how the defendant was prejudiced or what better defense he could have made if time had been given as requested. For all that appears in the record, he was as ably defended and his rights observed as scrupulously as though he had been given much more time in which to prepare his defense. The case presented is one where the discretion of the court was not abused.

2. The first error assigned in the bill of exceptions on behalf of the defendant is that there was no testimony to corroborate that of the codefendant who appeared as a witness at the trial of Haynes. Ackermann gave a detailed account of making an arrangement with Haynes that they should go out to a farm owned or occupied by Haynes; there set up a distilling plant owned by the latter which Ackermann would conduct with materials furnished by Haynes and would divide the product equally between themselves, and that this arrangement was carried out.

3. We glean from the bill of exceptions, which purports to recite all of the testimony in any way showing a corroboration of Ackermann, the following circumstances: The sheriff of Wasco County testified, in substance, that, having secured a search warrant, he went out to the Albert Haynes ranch, with which he was acquainted, and found in the house two barrels of mash and two kettles, one of which he had returned to the defendant Haynes as part of a still by order of the court some months previously. While he was in the house he found on a table therein a letter addressed to Albert Haynes, postmarked but two days before the search was made. George Scherrer, a deputy sheriff, testified to the following effect: That some time in the May previous to the trial he was with a party that made a trip to the Haynes place and found therein a boiler and lid like the one introduced in evidence in this case and it was kept a while in possession of the sheriff but, under order of the court, was returned to the defendant together with one of the oil-stoves. He gave further evidence tending to show that the boiler introduced as a part of the still here in question was the same one that had been returned to the defendant. Another witness gave similar evidence respecting the boiler and oil-stove and likewise testified about seeing the mail on the table in the house at the time of the last search. Still another witness accompanied the grand jury on an inspection of the jail while the defendant was confined there and, in conversation with the defendant, the latter told him that when he received the still from the sheriff in the preceding May he took it up to the place in question and buried it and that he had not been going up there only occasionally. Another witness had followed Haynes up to the place but very

shortly before the latter's arrest. Another witness testified to having sold the defendant cracked corn in small quantities a short time before the arrest was made. All these things were part of the *res gestae* and intended to show that a business was being carried on there that would require the possession and use of a still, and that it was in the possession of the defendant, else why would he say that he had taken it to the farm and buried it? The corroboration necessary to sustain the testimony of an accomplice need not go to the full extent of establishing the crime beyond a reasonable doubt wholly independent of the confederate's testimony. It is only necessary to corroborate him in material particulars. If the rule were otherwise, the testimony of the accomplice might as well be excluded as so much surplusage.

4. In the search of the house the officers found in a hole under the floor of the sitting-room many parts of the still in question and some liquor. The hole was covered with a trapdoor and on this was a paper in the handwriting of the defendant Ackermann which he explained as an account of the division of the liquor between himself and Haynes. The trapdoor was covered over with some kind of rug. This was a declaration of the confederate while the crime was being committed and the unlawful undertaking was in progress and is proper to be admitted as part of the *res gestae*.

5, 6. During the production of the evidence on the part of the state, the prosecution offered in evidence two stoves, two coils, and two boilers and lids thereto, which the witnesses identified as having been found at the time and place of the arrest of Ackermann at the Haynes place. The defendant moved to require the state to elect which of these two they intended to rely

upon for conviction. There was other evidence, however, to the effect that these two were worked together so as to make a double still capable of greater production. The court was right in refusing to require the state to elect. As well might the state be required to elect which barrel of a double-barreled shotgun should be relied upon in case the defendant was charged with stealing a gun. Objection was made to the production of a bucket containing some of the mash discovered on the premises and a barrel and its contents, said to have been mash; likewise, six gallons of moonshine whisky. All these things were competent as part of the *res gestae,* showing at least a motive for the possession of a still.

7. There was testimony tending to connect Ackermann and the defendant in the criminal enterprise charged in the indictment. The things were found on the farm of Haynes and were said by him to have been buried on the place. The court was correct in its instruction to the jury about conspiracy in that it applied to a situation described in the testimony of Ackermann which was corroborated by the circumstances already alluded to. While the defendant Ackermann was on the stand it seems from the bill of exceptions that he did not testify as fully as the state desired about the purchase by the defendant of some sugar at one place and some corn at another by the defendant Haynes as related to the witness by the latter, on the ground that the witness Ackermann, when confronted with his written statement on the subject, replied that he did not remember whether he made the statement or not. The only object in presenting such a question was to excuse the state for its failure to secure favorable answer to its questions and was not for the purpose of producing substantive

evidence.   It is always permissible for a party calling a witness to show that at previous times he had made statements inconsistent with his present testimony, not for the purpose of producing original evidence but for the purpose of explaining to the jury the apparent incongruity of calling a hostile witness.   A witness may say to-day that he does not remember the fact detailed by him at another time.   It is competent to show that he did remember in that way at some previous time.

There is no material error in the record and the judgment is affirmed.                              AFFIRMED.

RAND, BELT and COSHOW, JJ., concur.