Argued May 3, affirmed June 30, 1965

## STATE OF OREGON *v.* WOLFER
403 P. 2d 715

*Larry J. Anderson,* Eugene, argued the cause for appellant. With him on the brief was E. B. Sahlstrom, Eugene.

*Douglas A. Shepard,* District Attorney, Prineville, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

McALLISTER, C. J.

The defendant, Russell A. Wolfer, appeals from his conviction in Crook county of selling unregistered securities, and his sentence of imprisonment in the penitentiary for a term of one year.

■ Defendant's first assignment of error alleges that the court erred in allowing his original attorney to resign about 40 days prior to the trial of the charge against defendant. Since defendant did retain other counsel who represented him at his trial, we think the question raised by the first assignment of error is moot. The crucial question involved in the change of attorneys is whether the court erred in failing to grant a continuance to allow defendant's second attorney more time to prepare for trial. This question is raised by defendant's second assignment of error.

■■ Defendant did not retain his present counsel until about two days before his case was tried. Although defendant repeatedly asserts that his counsel had inadequate time in which to prepare for trial, no showing was made, either in the trial court or in this court, that defendant was prejudiced in the slightest degree by the denial of his motion. The following quotation from *State v. Haynes,* 120 Or 573, 575, 253 P 7 (1927) is particularly applicable here:

"* * * There is no showing in the record about how the defendant was prejudiced or what better defense he could have made if time had been given as requested. For all that appears in the record, he was as ably defended and his rights ob-

served as scrupulously as though he had been given much more time in which to prepare his defense. * * *"

A motion for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will be disturbed upon appeal only for an abuse of that discretion. *State v. Otten,* 234 Or 219, 222, 380 P2d 812 (1963), and cases there cited. Since, in the case at bar, there is no showing of prejudice we can only conclude that the trial court did not abuse its discretion in denying defendant's motion for a continuance.

Two of the remaining three assignments of error were withdrawn on oral argument, and no authority is cited in support of the other assignment which we find has no merit.

The judgment is affirmed.