Argued October 10, affirmed October 25, 1967

# STATE OF OREGON, *Respondent, v.* DAVID HALE, *Appellant.*

432 P. 2d 694

George A. Haslett, Jr., Portland, argued the cause and filed a brief for appellant.

Richard Smurthwaite, District Attorney, Hillsboro, argued the cause and filed a brief for respondent.

Before SLOAN, Presiding Justice, and GOODWIN and DENECKE, Justices.

GOODWIN, J.

Defendant was convicted of assault with a dangerous weapon, and appeals.

The defendant and his brother, while in a tavern, overheard disparaging remarks about a girl friend. Shortly thereafter, the two brothers and three other young men found themselves in the tavern parking lot engaged in combat with automobile jack handles, knives, fists and feet. When the police arrived, an officer saw the defendant throw an object into the bushes. The officer later retrieved a knife from the

place where he had seen the defendant throw something. Two or more of the participants in the fight allegedly suffered knife wounds. The defendant was separately indicted for assaults upon each of two complaining witnesses.

The first assignment of error asserts that the trial court erred in permitting the jury, while trying one indictment, to hear evidence of the assault upon another alleged victim. The defendant contends that he was prejudiced by evidence of another crime. It would have been impossible for any witness to describe the fight without alluding to the fact that several persons were involved and perhaps injured. Any prejudice to the defendant arising out of these facts was unavoidable. This is not the kind of evidence of other crimes excludable under *State v. Gardner,* 225 Or 376, 358 P2d 557 (1961). The assignment is without merit.

The second assignment challenges the receipt in evidence of the knife which the police officer said he found where the defendant had thrown something. This assignment is as captious as the first. The knife was admissible. *State v. Anderson,* 242 Or 186, 408 P2d 212 (1965). It was for the jury to decide what weight and effect to give the exhibit and the officer's story of how he found the weapon.

The third assignment challenges the refusal of the trial court to permit the defendant to impeach a prosecuting witness. The defendant offered to prove that at a preliminary hearing the witness had admitted that after the fight he had taken a pistol and had gone looking for the defendant intending to kill the defendant.

The assignment must be disregarded because no proper foundation was made for such impeachment. The prosecuting witness was never asked whether he

had taken a pistol and gone looking for the defendant with the intent to kill him. Had the witness been asked that question, he might have admitted it, making impeachment unnecessary. While such evidence might have been considered by the jury as affecting the motives and credibility of the witness if a proper foundation had been made, it was not error to exclude the evidence when it was offered. ORS 45.610. Without a foundation in the record, the offer of proof was merely an offer to discredit a witness by proof of some collateral misconduct. ORS 45.600; and see *Davis v. Dean*, 221 Or 110, 113, 350 P2d 910 (1960).

■ The witness had testified that he had never threatened to kill the defendant. This testimony, however, did not make the offered evidence proper impeachment. The so-called offer of proof contained no evidence of any threat to kill anyone. It may have been probative of the immaterial fact that the witness had once entertained an intent to kill, but an intent to kill and a threat to kill are two different matters. In order to obtain a reversal upon a refused offer of impeaching evidence, the party seeking to reverse should take care that his offer of proof fits the foundation upon which the purported impeachment is to be grounded. See *State v. Joseph*, 230 Or 585, 589, 371 P2d 689 (1962).

Affirmed.