Argued July 20, affirmed August 26, petition for rehearing denied
September 30, petition for review denied November 9, 1971

STATE OF OREGON, *Respondent, v.*
MONTY WILLIAM KNIGHT, *Appellant.*
487 P2d 1404

*Ernest Lundeen,* Eugene, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and G. Eric Lonnquist, Special Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was convicted of second degree murder. He appeals from the judgment sentencing him to 20 years' imprisonment, assigning errors of law in four particulars.

Defendant, a 19-year-old resident of Port Orford, Oregon, had been living part of the time with a 27-year-old woman. After they had quarreled and parted, he became jealous when she attended a party and paid attention to other men present at the party. The decedent was one of the men who had been at the party and received attention. Later the same day or early the following day, defendant borrowed a revolver from a friend.

Herman Montgomery testified that sometime after he retired at 11:30 p.m. on the evening of April 6, 1970, the defendant came to the cabin where the deceased Elisio Sanchez, Jr. and Herman Montgomery lived. He awakened Montgomery and inquired for Sanchez. Montgomery told him Sanchez was not home, but defendant was at liberty to wait for him. Montgomery then went back to bed and was awakened when Sanchez arrived home, came into the bedroom and sat down on his bed and commenced taking off his shoes.

Montgomery asked him if defendant Monty Knight was still in the house, and told Sanchez that Knight wanted to see him. Sanchez left the bedroom and Montgomery went back to sleep. Very shortly thereafter Montgomery was again awakened by what he described as "three pops." Just then Sanchez ran into the bedroom, screaming "Monty shot me, Monty shot me," threw himself half on the bed and half on the floor, and there expired. There was evidence that the bullets found in the deceased's body came from the hand gun defendant had borrowed from the friend the previous evening, although the gun itself was never produced in court.

■ At the close of the state's case the defendant moved for a directed verdict (which we have considered to be a motion for a judgment of acquittal) on the ground that the defendant had not been identified. The court summarily denied the motion. Defendant assigns this as error. There was evidence that the defendant was present in the cabin where the killing occurred just prior to the shooting and that the victim declared that it was, in fact, the defendant who had shot him. Thus there was ample evidence to identify defendant as the killer and the court correctly denied the motion. Had there been error, it was waived by defendant's subsequent election to present evidence and, in addition, defendant's motion was not renewed at the close of defendant's case. *State v. Gardner,* 231 Or 193, 372 P2d 783 (1962).

■ Defendant presented a defense witness, Brotton, and then attempted to impeach him without having complied with ORS 45.610 which specifically provides that the prior inconsistent statements to be used for impeachment

"\* \* \* be related to him [the witness], with

the circumstances of times, places and persons present, and he shall be asked whether he made the statements, and if so, allowed to explain them. * * *"

The defendant having laid no proper foundation, the trial court correctly refused to allow the proposed impeachment. *State v. Hale,* 248 Or 159, 432 P2d 694 (1967).

■ The defendant excepted to and assigned as error the court having given the following instruction:

"* * * The state need not prove the exact date alleged in the indictment, but it must prove that it occurred prior to the date the indictment charges, April 14, 1970."

Defendant contends since his defense was alibi, it was unfair to allege one date in the indictment and allow proof of a different date. The assignment is without merit. The Oregon Supreme Court in *State v. Jackson,* 221 Or 315, 325-26, 351 P2d 439 (1960), said of an instruction identical in substance to that complained of here:

"* * * The instruction on time of offense was not erroneous nor did it contradict the instruction on alibi. A defendant in a criminal proceeding can not make time a material element by a defense of alibi. The precise objection which defendant raises here was considered in *State v. Goddard,* (1914) 69 Or 73, 133 P 90, 138 P 243, Ann Cas 1916A 146, and rejected. Also see *State v. Poole,* (1939) 161 Or 481, 90 P2d 472; *State v. Delaplain,* (1930) 132 Or 627, 287 P 681; *State v. Eggleston,* (1904) 45 Or 346, 77 P 738. * * *"

■ The final assignment of error was not raised in the trial court and will not be considered here. *State*

*v. Hunt,* 3 Or App 634, 475 P2d 596, Sup Ct *review denied* (1970).

Affirmed.