Argued July 19, affirmed October 4, 1971

STATE OF OREGON, *Respondent, v.* CHARLES
WALTER LEHMANN, *Appellant.*

488 P2d 1383

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*James C. Farrell,* Deputy District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Doyle L. Schiffman, District Attorney, Roseburg.

Before Schwab, Chief J u d g e, and Foley and Thornton, Judges.

THORNTON, J.

Defendant appeals from a conviction of unlawful possession of narcotics under ORS 474.020. He contends that the court erred in admitting, over objection, the evidence of possession of narcotics on dates subsequent to the date charged in the indictment.

Prior to the taking of testimony, the state elected to rely on July 3, 1970, as the date when the offense was committed. The state presented testimony of a state police officer that he had purchased marihuana from defendant on June 30, 1970, and July 3, 1970. An officer of the Roseburg City Police Department, working independently and without knowledge

of the state officer's activities, testified, over objection, that he purchased marihuana from the defendant on July 4, 7 and 8, 1970. The defendant did not offer any evidence.

Defendant contends that, while evidence of the commission of prior like offenses is relevant and admissible to show intent on the date in question, evidence of the commission of subsequent like offenses is not relevant to the issue of intent on the questioned date and, therefore, is inadmissible.

Oregon follows the general rule that evidence of the commission of other crimes by a defendant in a criminal case is generally inadmissible. *State v. Woolard*, 2 Or App 446, 448, 467 P2d 652, Sup Ct *review denied* (1970). Exceptions to the general rule have been made where the evidence of other crimes is relevant to an issue in the case, other than merely to show criminal propensity.

These exceptions have been enumerated in many Oregon cases. These exceptions permit evidence of other offenses when it tends to show (1) motive, (2) intent, (3) the absence of mistake or accident, (4) common scheme or plan, and (5) the identity of the person charged. *State v. Gillis*, 154 Or 232, 59 P2d 679 (1936); *State v. Casey*, 108 Or 386, 213 P 771, 217 P 632 (1923); *State v. Woolard*, supra.

The list is not all-inclusive. McCormick, Evidence 326, 327-31, § 157 (1954), mentions 10 exceptions and states, "that the list is not complete, for the range of relevancy outside the ban is almost infinite." Quoted with approval in *State v. Hamilton*, 5 Or App 266, 268, 483 P2d 90, Sup Ct *review denied* (1971).

■ Where evidence of the commission of like of-

fenses has been offered to show the intent of the defendant on the date of the charged offense, Oregon cases have not distinguished between prior and subsequent offenses. *State v. McGowan,* 218 Or 455, 345 P2d 831 (1959) (knowingly uttering and publishing a forged bank check); *State v. Ankeny,* 185 Or 549, 204 P2d 133 (1949) (larceny by bailee); *State v. Albert,* 159 Or 667, 82 P2d 689 (1938) (concealing stolen property); *State v. Kibler,* 1 Or App 208, 461 P2d 72 (1969) (concealing stolen property). We see no persuasive reasons for distinguishing narcotics offenses from other offenses in the application of the above rule. See *State v. Hames,* 74 Wash 2d 721, 446 P2d 344 (1968); *People v. Sanders,* 163 Cal App 2d 132, 328 P2d 825 (1958).

We believe that the evidence of subsequent sales of marihuana here has independent relevance on the issue of defendant's intent on the date charged. If this were the only consideration, we could conclude the matter here; however, once independent relevance is established this relevance must be balanced against the prejudice inherent in the use of such evidence. Some of the factors to be balanced are:

> "* * * [T]he actual need for the other-crimes-evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed and that the accused was the actor, and the strength or weakness of the other-crimes-evidence in supporting the issue, * * * the degree to which the jury will probably be roused by the evidence to overmastering hostility." McCormick, Evidence 326, 332, § 157 (1954).

Although the state must establish that the defendant has knowledge that the substance possessed

was marihuana and that the possession was unlawful, proof of the possession alone is enough to take the case to the jury. Knowledge and unlawful possession may be inferred from mere possession. See 3 Wharton, Criminal Law and Procedure 298, § 1079 (Anderson 1957) ; 11 Op Att'y Gen 689 (1924). Also the testimony concerning the circumstances surrounding the sale with which defendant is charged provides strong circumstantial evidence that defendant knew what he possessed and that the possession was unlawful. Defendant did not dispute this point; in fact, he presented no evidence at the trial. Where, as here, the state has established an uncontroverted prima facie case, the evidence of subsequent other crimes was not necessary to the state's case. A weighing of the probative value against the possible prejudice inherent in this evidence leads to the conclusion that the probative value was outweighed by the prejudice. Consequently we feel that the trial court erred in admitting the evidence of crimes committed subsequent to the offense charged. However, in view of the overwhelming evidence of guilt provided by the record, we decide that the admission of this testimony was not sufficiently prejudicial to warrant ordering a new trial. *State v. Randolph*, 251 Or 45, 444 P2d 545 (1968).

Affirmed.