Argued December 2, 1971, reversed and remanded
January 14, 1972

# STATE OF OREGON, *Respondent, v.* RICHARD KENNETH BOWEN (No. 995), *Appellant.*

492 P2d 480

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jesse R. Himmelsbach, Jr.,* District Attorney, Baker, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Defendant was convicted of the unlawful sale of a narcotic drug in violation of ORS 474.020. On appeal he contends that the trial court erred in (1) denying his motion to strike testimony relating to defendant's prior possession and use of a narcotic drug, (2) denying defendant's motions for judgment of acquittal and for a directed verdict, and (3) instructing the jury that the state need not prove the crime was committed on the date alleged as long as they found it had been committed within the statute of limitations, and refusing to instruct that time was a material element of the charge.

A search of Marshall Lockwood's car following his arrest on January 9, 1970, uncovered a gram of hashish. Lockwood testified that he had purchased the hashish from the defendant for $7.50 at a radio station in Baker, Oregon. He also testified that he had been present on a prior occasion when the defendant smoked a substance which the defendant said was hashish. Two of the other witnesses for the state also testified that they had been present on a prior occasion when defendant smoked a substance which he said was hashish.

The indictment alleged that the sale took place

on January 5, 1970. The state, in its opening statement, announced that it would show that the sale took place on or about January 5, 1970. Lockwood was unable to recall the exact date of the sale, but said it was on or about the 5th of January. An employe of the radio station testified that he had worked from 2:30 until 11 p.m. on January 5, 1970, and that he had not seen Lockwood or the defendant.

Eddy Thomas, who resided with the defendant, testified that he had been with the defendant on January 5, 1970, and that they had both gone to bed at four in the afternoon because they had not gotten any sleep the previous night.

We first consider the admissibility of Lockwood's testimony of the prior occasion on which defendant had smoked a substance which he, the defendant, said was hashish. Defendant's motion to strike this testimony was denied.

As a general rule evidence of crimes committed by the defendant, other than that for which he is on trial, is inadmissible. *State v. Long,* 195 Or 81, 112-13, 244 P2d 1033 (1952). However, courts have generally recognized as exceptions to this rule a number of specific situations where the evidence of other crimes is relevant to an issue involved, other than defendant's criminal disposition, and, in addition, the relevance and probative value outweighs the prejudicial effect of the evidence. *See State v. Lehmann,* 6 Or App 600, 488 P2d 1383 (1971); *State v. Hamilton,* 5 Or App 266, 483 P2d 90, Sup Ct *review denied* (1971).

The evidence that the defendant had previously used hashish showed defendant's familiarity with the substance and its narcotic character. It was relevant

to the issue of defendant's knowledge of the narcotic character of the substance he was charged with selling. However, while knowledge was an element of the crime charged, it was not a controverted issue in the case. The state's evidence that defendant sold hashish, if believed, also provided strong circumstantial evidence that he knew what he was selling. Defendant did not deny having such knowledge. In *State v. Lehmann,* supra, we said that the prejudicial effect of showing criminal acts involving marihuana, other than that with which the defendant was charged, outweighed its probative value where the state had established an uncontroverted prima facie case exclusive of such evidence.

Directly in point here is *People v. Anderson,* 6 Cal App 3d 364, 371-72, 85 Cal Rptr 669 (1970). Anderson was charged with possession of marihuana. The court, in holding that evidence of prior convictions for possession of marihuana and prior use of marihuana was inadmissible to show defendant's knowledge of the narcotic nature of the substance, said:

> "The plea of 'not guilty,' of course, places in issue all of the elements of the offense, but that alone does not justify admissibility of evidence of prior criminality, which carries with it such a high potential for collateral prejudice. Unless there appears to be some genuinely controverted issue as to which the prior crime is pertinent, the evidence should be excluded. [Citing cases.]

> "Ordinarily the fact that a narcotic is found in the personal effects of the defendant is compelling proof that defendant knew what he possessed and its nature. [Citing cases.] It would be most extraordinary that the defendant in this case would attempt to deny that she knew the nature of the green leafy substance which was wrapped in a

cellophane bag within a box which she was carrying in her purse.

"* * * * *

"* * * [T]he implications of her conduct were so clear that the court could not reasonably anticipate that knowledge would become a genuine issue.

"We therefore conclude that in the state of the record as it stood at the time the evidence of prior criminality was offered, there was no justification for it. That evidence should have been excluded upon the principle that its prejudicial effect outweighed any legitimate probative value. * * *"

■ Because the defendant's knowledge was not a genuinely controverted issue in the case, it follows that the prejudicial effect of the introduction of evidence of other criminal acts by the defendant outweighed its probative value and its admission constituted reversible error.

■ The second and third assignments of error are without merit. They are both based on defendant's contention that his defense of alibi made time a material element. This question has been decided contrary to defendant's contention in *State v. Jackson,* 221 Or 315, 351 P2d 439 (1960), and *State v. Knight,* 6 Or App 534, 487 P2d 1404, Sup Ct *review denied* (1971).

Reversed and remanded.