Argued January 18, affirmed February 4, petition for rehearing
denied March 7, petition for review
denied May 10, 1972

## STATE OF OREGON, *Respondent, v.* LYLE EDWARD LUNCEFORD (Nos. 71-514-C and 71-552-C), *Appellant*

493 P2d 753

*F. E. Glenn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

The defendant was tried separately for the burglaries of Smith Lumber Company in Medford and Oak Street Tank & Steel, Inc., in Ashland. He was convicted in both cases of burglary not in a dwelling. ORS 164.240. On appeal the cases have been consolidated.

At defendant's trial for the burglary of Smith Lumber Company, the trial court admitted, over objection, evidence tending to establish that defendant had committed the later burglary at Oak Street Tank & Steel, Inc. Both burglaries occurred the same night. In the second trial for the burglary of Oak Street Tank & Steel, Inc., evidence that he had burglarized Smith Lumber Company was admitted, over objection. The defendant contends that the admission of evidence that defendant committed crimes other than that for which he was on trial constituted reversible error in each case.

The evidence tending to establish defendant's guilt was entirely circumstantial in both cases. The burglaries took place between midnight and 8 a.m. on February 17, 1971. Defendant's parked car was seen

near each of the buildings at the approximate time of the burglaries. A framing hammer was taken from the Smith Lumber Company by the burglar. The hammer was distinctive in design, with a corrugated head, and with a single hole rather than claws on the other end of the hammer head. There was evidence that this type of hammer was not widely used, even by framing contractors. An identical hammer was left near the safe of Oak Street Tank & Steel, Inc.

State Police Officer Tobias of the Ashland Crime Detection Laboratory testified that based on tests which he had performed, it was his opinion that a footprint found in the office of Smith Lumber Company was made by defendant's boot. Defendant explained the presence of his footprint in Smith Lumber Company by testifying that he had been on the premises on business a few days before the burglary. Officer Tobias testified in the Oak Street Tank & Steel, Inc., case that it was his opinion that a body hair found on a punch near the safe of Oak Street Tank & Steel, Inc., was identical to samples of body hair taken from the defendant, and that soil samples taken from the defendant's boots contained fiberglass particles which were the same as those found in samples of soil taken from the dirt ramp outside of Oak Street Tank & Steel, Inc. Also the prints of boots similar to defendant's were found inside Oak Street Tank & Steel, Inc.

■ An exception to the general rule excluding evidence of other crimes committed by the defendant has been made where such evidence is relevant to identify defendant as the perpetrator of the offense at bar.

The proper rule to be applied here was early

stated by our Supreme Court in *State v. Baker,* 23 Or 441, 443, 32 P 161 (1893):

> "* * * In cases where the prosecution relies on circumstantial evidence for a conviction, and the evidence offered forms logically one link in the chain of circumstances, tending to show that he who committed the one crime must have committed the other, or is so intermingled and connected with the crime charged as to form one entire transaction, it is admissible although it may tend to prove distinct felonies. * * *"

In *State v. Long,* 195 Or 81, 244 P2d 1033 (1952), the court was considering a criminal escapade several hours in length, where the defendant committed murder, stole the victim's truck, robbed a bank and shot an F.B.I. agent in the process of the bank robbery. The court held that where several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against defendant for any offense which is itself a detail of the whole criminal scheme.

In the classic words of Justice Brewer in *The State v. Adams,* 20 Kan 311, 319 (1878):

> "* * * A party cannot, by multiplying his crimes, diminish the volume of competent testimony against him * * *."

■ We think that the above rule is equally applicable in the present case. The uniqueness of the hammer made it highly probable that the hammer found at the scene of Oak Street Tank & Steel, Inc., was the same hammer taken earlier from the Smith Lumber Company, and that therefore the burglaries had been

committed by the same person. This made evidence that the defendant committed either of the burglaries relevant to show his identity as the perpetrator of the other burglary.

Affirmed.