Argued July 26, affirmed August 25, 1972

STATE OF OREGON, *Respondent, v.* HENRY
JERREL JOHNSON (No. C-71-11-3548 Cr),
*Appellant.*
500 P2d 500

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

The defendant was convicted after a jury trial of the crime of larceny of a television set from the Oregon Motel in violation of former ORS 164.320 (repealed Oregon Laws 1971, ch 743, § 432) and has appealed.

Two issues are presented by defendant's assignments of error: (1) Was it error for the state to introduce evidence over defendant's objection of an unrelated, though similar, larceny for the purpose of showing identity of defendant, and (2) was sufficient evidence presented to convict the defendant of the crime charged?

The state's evidence established that on September 18, 1971, the defendant, accompanied by a female companion, checked into the Oregon Motel, signing the registration card as "Henry Jinings." The parties left the motel some time during the early morning hours of September 19, 1971. When the room was cleaned (September 19), the maid discovered that the television set was missing.

The testimony of defendant and his female companion was that they went to the motel for the purpose of engaging in sexual relations and that the defendant left approximately two hours later. Defendant's companion further testified that she remained for several hours after defendant left; that several of her friends came to the motel unit for a party; that the television set was in the room when she left; and that neither she nor the defendant ever returned to the motel.

On cross-examination, the prosecutor elicited testimony from both defendant and his female companion that both had previously been convicted of a crime.

The state introduced evidence that on August 3, 1971, the defendant and the same female companion checked into the Mid Town Motel. At this time the defendant signed the registration card as "Luther Davis," but gave the same address as he later gave at the Oregon Motel. The next morning the maid discovered that the television set was missing from the room rented to defendant. The testimony of the parties was again that defendant left after a couple of hours and that his companion stayed and had friends in for a party.

The state's handwriting expert testified that he compared the two registration cards (one from each motel) with a handwriting exemplar taken from defendant. His conclusion was that the same person (defendant) filled out all three forms.

During the trial, defendant objected to the admission into evidence of the registration card from the Mid Town Motel, and the testimony relating thereto. The defendant assigns as error the refusal of the court to sustain this objection. The state contends that the registration card from the Mid Town Motel (state's exhibit 2), and related testimony, was introduced for the purposes of showing the identity of defendant and a common scheme or plan.

■ The general rule in Oregon is that evidence of the commission of other crimes by a defendant in a criminal case is inadmissible. *State v. Lehmann*, 6 Or App 600, 602, 488 P2d 1383 (1971). *See also*, McCormick, Evidence 326, § 157 (1954). There are, of course, several recognized exceptions to this rule where evidence of another crime is relevant to an issue in the case, other than showing criminal propensity. One exception to the rule against admissibility exists where

the evidence of another crime tends to show a novel means or particular manner used to perpetrate both crimes. This evidence may be used to establish a common scheme or plan and to establish the identity of the accused as the malefactor. *State v. Howell,* 237 Or 382, 386, 388 P2d 282 (1964); *State v. Woolard,* 2 Or App 446, 449, 467 P2d 652, Sup Ct *review denied* (1970); *State v. Moore,* 1 Or App 394, 399, 460 P2d 866, 463 P2d 373 (1969), Sup Ct *review denied* (1970).

■ The evidence presented showed two thefts, each of which occurred in a substantially similar manner. The defendant was connected with both thefts by the following: He checked into each motel using a false name but the same address; he was accompanied by the same woman both times; on each occasion the television set disappeared. While this may or may not show a "novel" means of perpetrating a crime, it does show that both crimes were committed in the same "particular manner." Therefore the evidence is relevant to show the identification of the defendant. *State v. Lunceford,* 8 Or App 346, 493 P2d 753, Sup Ct *review denied* (1972); *State v. Moore,* supra at 399.

■ As we observed in *State v. Lehmann,* supra, relevant evidence may not be admissible if it would tend to prejudice the jury in its deliberations. However, in the case at bar, a weighing of the probative value of this evidence of other crime against the possible prejudice inherent in it leads to the conclusion that the probative value outweighed the possible prejudice. *State v. Hamilton,* 5 Or App 266, 483 P2d 90, Sup Ct *review denied* (1971). *Cf. State v. Lehmann,* supra. The trial court did not err in admitting this evidence of other crime.

The defendant's second assignment of error is

that the court should have granted defendant's motion for a judgment of acquittal. The defendant based his motion on a failure of the state to connect defendant with the theft of the television set from the Oregon Motel. This is essentially a challenge to the sufficiency of the evidence.

The defendant asserts that inasmuch as the television set was not found in defendant's possession, and no witness could testify to seeing defendant take the set, defendant cannot be convicted unless the state shows some concert or collusion with others to steal the set.

■ The state's case against defendant was entirely circumstantial. There was no direct evidence to connect defendant with the theft. However, circumstantial evidence alone is sufficient to establish any necessary element of a crime. *State v. Hanna,* 1 Or App 110, 459 P2d 564 (1969).

■ In reviewing the sufficiency of the evidence to sustain a conviction, this court will review the entire record as a whole in a light most favorable to the state. *State v. Redeman,* 9 Or App 329, 333-34, 496 P2d 230 (1972) ; *State v. Nix,* 7 Or App 383, 386-87, 491 P2d 635 (1971).

■■ Viewing the record as a whole there was sufficient evidence to permit the jury to find that defendant took the television set. An inference may be based upon circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Higgins,* 1 Or App 84, 89, 459 P2d 452 (1969). The jury was not obliged to believe the testimony of the defendant or that of his sole witness, his female companion, and could have found this testimony to be a complete fab-

rication. *State v. Nix,* supra. Defendant's contention that the state must produce direct evidence showing defendant removed the television set from the motel or was in actual possession after removal is without merit.

Affirmed.