118

Argued December 20, 1972, affirmed January 5, petition
for rehearing denied January 31, petition for
review denied April 24, 1973

STATE OF OREGON, *Respondent, v.* EMMETT
RAY MUNCEY (No. 72-612-C), *Appellant.*

504 P2d 1052

*Robert C. Cannon,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*John H. Clough,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and John
W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORN-
TON, Judges.

FORT, J.

Defendant was convicted of the crime of conspiracy. ORS 161.450. He appeals asserting as his sole assignment of error the insufficiency of the evidence to support the jury's verdict.

ORS 151.450 provides:

"(1) A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, he agrees with one or more persons to engage in or cause the performance of such conduct.

"(2) Criminal conspiracy is a:

"(a) Class A felony if an object of the conspiracy is commission of murder, treason or a Class A felony.

"(b) Class B felony if an object of the conspiracy is commission of a Class B felony.

"(c) Class C felony if an object of the conspiracy is commission of a Class C felony.

"(d) Class A misdemeanor if an object of the conspiracy is commission of a Class A misdemeanor."

It represents a significant departure in a number of respects from the former Oregon statute (former ORS 161.320) governing the crime of conspiracy. Discussion of these departures is found in Proposed Oregon Criminal Code, Final Draft and Report 57, § 59 (July 1970), and in a comment entitled *Definition of Conspiracy in the Oregon Code: A Unique Approach to the Crime,* 51 Or L Rev 595 (1972). Patterned in substantial part after Model Penal Code, § 5.03 (Final Draft No. 1, 1962), it adopts the unilateral approach to the conspiratorial relationship and requires on the part of the defendant only that he have an intent that

conduct constituting a crime be performed at the time he agrees with another "to engage in or cause the performance" of such conduct constituting a crime. ORS 151.450(1). No overt act is required, unlike the former statute.

■ We review the evidence in the light most favorable to the state. *State v. Zauner,* 250 Or 105, 441 P2d 85 (1968); *State v. Johnson,* 10 Or App 423, 500 P2d 500 (1972).

■ There was evidence here from which the jury could find that defendant and one Brewer[1] within a period of a few hours were present together in a motor car with two shotguns, one of which had a sawed-off barrel; that they drove around the Medford area seeking a place to rob, and that they entered a grocery store with the intent to steal while one of them carried a "gun" under a pea coat thrown over his arm. They did not go through with the robbery because of the unexpectedly large number of people present. They then parked outside of a tavern where they discussed "kicking in" a tavern. Shortly thereafter they were arrested as they exited from their car. At that time the two guns were still in the car, and this defendant then had a hunting knife sheath concealed on his person beneath his clothing. A hunting knife was found on the ground a few feet from the defendant. The evidence also disclosed that on the evening in question the defendant and Brewer were seeking a small hand gun and were willing to exchange one of the guns in the car for such a weapon. Finally, the evidence indi-

---

[1] Defendant and Brewer were jointly indicted but tried separately. The evidence in each trial varied in certain particulars from that produced in the other. See State v. Brewer, 12 Or App 105, 504 P2d 1067 (1973).

cated their immediate desire to get money so they could go to California to buy drugs. The assignment is without merit.

Affirmed.