Argued January 20, affirmed February 23, reconsideration denied
March 31, petition for review denied April 27, 1976

## STATE OF OREGON, *Respondent,*
### *v.*
## JAMES BLAKE ASHER, *Appellant.*
### (No. 16-269, CA 5051)

546 P2d 762

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

[ 491 ]

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

**FORT, J.**

■ Defendant was indicted, tried and convicted by a jury of criminal activity in drugs, ORS 167.207. He appeals asserting error in the denial of his motion to suppress evidence and in the admission of certain evidence.

We summarize the relevant portions of the testimony. A police officer on patrol observed defendant, who was operating a motorcycle, turn off the highway onto a side road where he pulled over and stopped. Defendant got off his motorcycle, approached the front of his motorcycle and bent down.

The officer pulled his patrol car in behind the motorcycle in order to determine if anything was wrong. Defendant walked over to the patrol car and the officer asked him if he needed any assistance. Defendant replied, "No, it is just my speedometer." The officer then asked defendant for his driver's license.

The officer opened his door as defendant reached into his pocket. An item from defendant's pocket fell to the ground. It was a clear glass vial with a black lid, and it contained a white substance. As defendant handed the officer his driver's license, the latter bent down and picked up the glass vial. He shook the vial and fully adivsed defendant of his *Miranda*[1] rights. The officer asked defendant if the powder in the vial was heroin, cocaine, or LSD. Defendant said no. When asked what the white powder was, defendant replied that it was PCP. The officer testified he had heard of the drug but did not know exactly what it was. Defendant said PCP (phencyclidine) was a monkey drug used as a tranquilizer. The officer then checked with a narcotics officer over his radio and was advised it was a dangerous drug used strictly for primates and was not for human consumption.

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

Before the officer received that word on the nature of PCP, he asked defendant if he had any other narcotics. Defendant said he had a little grass in his shirt and the officer removed a canister of marihuana. The defendant was then placed under arrest.

Defendant relies on *State v. Elkins,* 245 Or 279, 422 P2d 250 (1966), in support of his motion to suppress. We think that case is distinguishable on its facts. In *Elkins* the defendant was arrested for being drunk in a public place. After his arrest he was searched for a weapon and an unlabeled bottle containing three kinds of capsules and pills was found by the officer in his shirt pocket. The officer seized the bottle although he had no well-founded suspicion that any of its contents was contraband. It was not until after the officer caused an analysis to be made of the contents that he learned that a narcotic drug was included among the items they contained. Here the officer merely picked up a vial previously dropped by the defendant upon the ground. Its contents, a white powder, were in plain view with the container. The defendant himself volunteered after being fully warned of his *Miranda* rights that the powder was a monkey drug used as a tranquilizer. The defendant was not under arrest when he dropped the vial nor when the officer picked it up from the ground and observed its contents. Here the defendant himself by his own statement concerning its contents then furnished the officer with sufficient information to support a well-warranted suspicion that a criminal offense was being committed in his presence. His short retention of the vial under such exigent circumstances while he verified that PCP was an illegal drug was therefore lawful.

Defendant also contends that the short retention of the vial by the officer while he verified that PCP was a contraband drug constituted an illegal seizure. Here the officer was in a public place performing a lawful

[ 494 ]

act when he picked up the dropped vial and asked defendant about its contents. In *Elkins,* the court said:

"* * * Being in a place he had a right to be and doing a thing he had a right to do, the officer is not permitted to turn away when a crime is being committed in his presence. *State v. Chinn* [231 Or 259, 274, 373 P2d 392 (1962)]; *State v. Johnson* [232 Or 118, 122, 374 P2d 481 (1962)]. In *Abel v. United States,* 362 US 217, 238, 80 S Ct 683, 4 L ed2d 668 (1960), the court said as follows:

" '* * * When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for.' " 245 Or at 283-84.

The motion to suppress was properly denied.

The second assignment relates to the admission, over objection, of testimony showing that at the time of his arrest the defendant was also in possession of a canister of marihuana. This was admitted for its tendency to show that at the time of the commission of the crime he was also in possession of another illegal drug. The court admitted it as evidence tending to support an inference that the defendant knew that the PCP was a dangerous drug. In *State v. Offord,* 14 Or App 195, 512 P2d 1375 (1973), we held:

"* * * In order to convict on a charge of possession of a narcotic or dangerous drug the state must prove that defendant had knowledge of the nature of the substance found in his possession. * * *" 14 Or App at 199.

Thus the state had the burden of showing that defendant had knowledge of the nature of the PCP he possessed. We think that the simultaneous possession of marihuana concealed on his person at the time he also possessed the PCP was relevant to assist the jury in determining whether he had knowledge of the nature of the PCP.

Defendant contends, however, that whether or not admissible for that purpose, its reception was pre-

cluded as evidence of other crimes under *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975).

We note first that here the possession of marihuana was being committed at the same time and was a part of the circumstances and conditions existing at the time the crime charged was being committed. As such it was admissible as a part of the complete story of the circumstances existing at the time and place of the crime charged. *State v. Poole,* 161 Or 481, 90 P2d 472 (1939); *State v. Villavicencio,* 95 Ariz 199, 388 P2d 245 (1964); I Wharton, Criminal Evidence 606, § 254 (Torcia, 13th ed 1973); *State v. Haynes,* 120 Or 573, 578, 253 P 7 (1927).

Defendant in effect complains that it cannot be shown in such a situation that he then possessed more than one dangerous drug at the time and place in question. *Manrique* dealt with a case where otherwise unrelated crimes were erroneously allowed in evidence to establish defendant's identity as the person committing the crime charged. No such problem is involved here. The evidence was received only in relation to knowledge by the defendant of the nature of the illegal drug charge, an element essential to establishing the crime charged.

McCormick, Evidence 452, § 190 (hornbook series, 2d ed 1972), points out:

"* * * [T]he courts are stricter in applying their standards of relevancy when the ultimate purpose of the state is to prove identity, or the doing by the accused of the criminal act charged than they are when the evidence is offered on the ultimate issue of knowledge, intent or other state of mind. * * *"

In *State v. Bowen,* 7 Or App 629, 492 P2d 480 (1972), we said:

"The evidence that the defendant had previously used hashish showed defendant's familiarity with the substance and its narcotic character. It was relevant to the issue of defendant's knowledge of the narcotic character of the substance he was charged with selling. However,

while knowledge was an element of the crime charged, it was not a controverted issue in the case. The state's evidence that defendant sold hashish, if believed, also provided strong circumstantial evidence that he knew what he was selling. Defendant did not deny having such knowledge. In *State v. Lehmann,* 6 Or App 600, 488 P2d 1383 (1971), we said that the prejudicial effect of showing criminal acts involving marihuana, other than that with which the defendant was charged, outweighed its probative value where the state had established an uncontroverted prima facie case exclusive of such evidence." 7 Or App at 631-32.

Here, however, defendant's counsel concluded his opening statement to the jury as follows:

"* * * I think you will find that you are not convinced beyond a reasonable doubt that this defendant knew that PCP was a dangerous drug, or maybe even that it was PCP. You may feel there is an inference in your mind raised by the fact that he was in possession of it, but an inference is not proof beyond a reasonable doubt. That's all we are going to ask you to decide. Did the defendant know beyond a reasonable doubt to a moral certainty that whatever this was that he had in his possession was a dangerous drug. Thank you very much."

Thus it is clear that, unlike *Bowen,* the sole issue relied upon by the defendant was whether or not the defendant knew the drug he possessed was a dangerous drug.

Furthermore, the trial judge instructed the jury that that was the only purpose for which it could consider the evidence.

Affirmed.