## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD EUGENE BRYANT,
*Appellant.*

(C87-09-34991; CA A47661)

764 P2d 970

Steven V. Humber, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Defendant appeals his conviction for conspiracy to deliver a controlled substance, ORS 475.992(1); ORS 161.450(1),[1] assigning as error the denial of his motion for judgment of acquittal. He argues that, had the conspiracy succeeded, he would have been guilty only of possession of a controlled substance, rather than delivery of it. We affirm.

■ We state the facts favorably to the state, because defendant challenges the sufficiency of the evidence to support the jury's guilty verdict. *State v. Johnson,* 10 Or App 423, 428, 500 P2d 500 (1972). Dee Collins was arrested in a federal Drug Enforcement Administration investigation for selling tar heroin. The officer seized her digital telephone pager, on which she recorded telephone numbers of those who wanted her to call them back. Portland police officer Anne Sundstrom, who is assigned to the Drug and Vice Division, testified that such pagers are often used by drug dealers. A digital printout displays both the caller's telephone number and a code that identifies the drug buyer. The dealer then returns the call to arrange a drug sale.

A telephone number appeared on Collins' pager shortly after it was seized. Sundstrom returned the call, reaching defendant. Sundstrom told defendant that she was working with Collins and that she "could serve him." Defendant agreed to buy "five grams for $1,000." Later, he met Sundstrom in a parking lot and tendered $1,025. The extra $25 was to be applied against defendant's open account with Collins. Sundstrom testified that the price of $200 per gram of heroin is typical for a "middleman," who resells it for about $320 per gram, and that the amount purchased also was typical for a middleman, who resells heroin on the street in "papers" of one-sixteenth of a gram each. Sundstrom did not deliver any heroin to defendant, but instead arrested him for

---

[1] ORS 475.992(1) provides, in part:

"[I]t is unlawful for any person to manufacture or deliver a controlled substance."

ORS 161.450(1) provides:

"A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, the person agrees with one or more persons to engage in or cause the performance of such conduct."

criminal conspiracy to deliver heroin.[2] Defendant later admitted to another officer that he bought heroin from Collins twice a day for resale. When arrested, defendant had a pager with him, which he admitted he used to enable his drug customers to get in touch with him.[3]

The state asserts that the evidence was sufficient to prove that defendant and Sundstrom agreed that he would sell heroin to third parties. Defendant contends that the indictment charged him only with a conspiracy to buy heroin from Sundstrom. He is wrong; the indictment is worded broadly enough to encompass the state's theory that defendant conspired to buy heroin wholesale in order to resell it to his retail customers:

> "[Defendant] did unlawfully, with the intent that conduct constituting the crime of Delivery of a Controlled Substance punishable as a felony be performed, agree with Anne Sundstrom to engage in and cause the performance of the following conduct, to-wit: to unlawfully and knowingly deliver a controlled substance in Schedule I, to-wit: heroin * * *."

Both of defendant's remaining arguments proceed from the incorrect assumption that the only conspiracy alleged by the state was for Sundstrom to deliver and for defendant to purchase heroin. Neither argument relates to the alleged conspiracy for defendant to sell heroin to third parties. Therefore, the trial court did not err on any of the grounds that defendant raises when it denied his motion for judgment of acquittal.

Affirmed.

---

[2] Defendant concedes that he cannot successfully defend the conspiracy charge on the basis that the other party to the agreement was an undercover police officer. ORS 161.475(1)(b).

[3] Defendant does not assign error to the admission of his statements.