Submitted on record and briefs January 29, affirmed July 7, 1999

In the Matter of the Marriage of

## Daniel E. BRANT,
*Petitioner,*

*and*

## Jennifer E. BRANT,
*Respondent.*

## STATE OF OREGON ex rel
## Daniel E. BRANT,
*Respondent,*

*v.*

## Jennifer E. BRANT,
*Appellant.*

(9312-70546; CA A97493)

985 P2d 229

Susan D. Isaacs filed the brief for appellant.

Robert B. Rocklin, Assistant Attorney General, filed the brief for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

**EDMONDS, P. J.**

This matter arises out of a previous contempt proceeding regarding Jennifer Brant's failure to pay child support. *See* ORS 33.015 *et seq.* Brant appeals from a judgment that found her in violation of her probation that had been imposed as a result of the contempt finding. We affirm.

In 1994, Brant's marriage was dissolved. Brant was ordered to pay $262 each month for the support of her two children. In March 1995, the Multnomah County District Attorney (the DA) moved to require Brant to show cause why she should not be held in contempt of court for failing to comply with the support order. In May 1995, the trial court entered an order pursuant to the motion that provided:

> "*Plead Guilty* (Contempt)
>
> "Fail to pay support
>
> "*2 yr Bench Prob.
>
> "*Comply with other prob.
>
> "*Work toward G.E.D. [and] bring proof to next renew[al.]"

Brant did not appeal from that order.

In February 1996, the DA moved to require Brant "to show cause why the conditions of probation should not be amended" to require her "to make minimum monthly payments and to require full time employment." Although she was served with the "show cause" order, she failed to appear as required. A bench warrant for Brant's arrest issued. Eventually, Brant appeared after a second show cause order issued. In June 1996, the trial court entered an "Order Modifying Prob[ation] Conditions" after a hearing. That order modified Brant's conditions of probation to require that she maintain employment and pay $150 per month in child support, beginning in July 1996. A notation on the order indicates that Brant stipulated to the conditions. Brant did not appeal. According to the payment record in the trial court file, she made no support payments thereafter.

In November 1996, the DA moved the court

"for an order requiring [Brant] to personally appear before the court to show cause why [s]he should not be adjudged in violation of the conditions of probation and sentence should not be imposed or executed for contempt of court for disobeying the support order * * *."

That motion was adjudicated in April 1997 when the trial court entered an "Order and Judgment Continuing Probation" in which it found Brant in violation of her probation for the failure to pay the previous court-ordered obligations. The "order and judgment" includes orders continuing and extending her probation, imposing a 30-day jail sentence and requiring her to pay $262 per month in child support. Brant appeals from the April 1997 "order and judgment."

Brant first contends that "the trial court abused its discretion by failing to grant a postponement of the [April 1997] hearing so that [her] trial counsel could have adequate time to prepare" because "[d]ue process and fundamental fairness require the opportunity to be heard in a meaningful time and manner, with the adequate assistance of counsel." She argues that she "was prejudiced by not having adequate time to confer with her attorney and marshal her evidence."

"A motion for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will be disturbed upon appeal only for an abuse of that discretion." *State v. Wolfer*, 241 Or 15, 17, 403 P2d 715 (1965). The propriety of the denial of a motion for continuance depends "on the particular circumstances of the case and the reasons presented to the court at the time the request is denied." *State v. Hickey*, 79 Or App 200, 203, 717 P2d 1287 (1986). For example, in *Wolfer*, the defendant retained counsel approximately two days before his case was tried and "repeatedly assert[ed] that his counsel had inadequate time in which to prepare for trial." 241 Or at 16. The Supreme Court held that the trial court had not abused its discretion in denying the defendant's motion for a continuance because the defendant had not made a showing of prejudice at trial or on appeal.

Here, trial counsel was appointed to represent Brant in December 1996. Brant's hearing was scheduled for January 1997. She failed to appear at that hearing. Brant was arrested on April 2, 1997. At the April 8, 1997, hearing, Brant's attorney stated:

"Again, Your Honor, I'm not ready to proceed. I haven't had enough time to prepare. Was not physically in my office at all yesterday, and I went into this appointment on Friday, and did not have a chance to talk with [defendant].

"I did see that she did call in several times yesterday. As I indicated to the Court, I was out in Gresham District Court till about 3 o'clock in the afternoon yesterday."

The trial court denied the request.

■        Although there was less than a week between Brant's arrest and the April 1997 hearing, Brant's counsel had been appointed in December 1996, and the hearing had been originally scheduled for January 1997. The January hearing was reset due to Brant's failure to appear. The record does not reveal whether Brant's counsel was out of touch with Brant from the time he was first appointed or what opportunities he had to confer with her after the January hearing date and before the scheduling of the April hearing. Moreover, Brant appears to contend that her right to due process was affected by the denial of her request for a continuance. However, other than to argue that she did not have "adequate time to confer with her attorney and marshal her evidence," she makes no specific showing of prejudice to us. For example, she does not indicate what her attorney would have done differently had he had more time to prepare. On this record, we cannot conclude that the trial court abused its discretion in denying Brant's request for a continuance.

■        Brant also contends that "[t]he evidence is insufficient to support the court's finding [that Brant violated her probation] because [she] has established her affirmative defense that she is unable to comply with the support order because of her inability to pay." In support of that contention, Brant cites ORS 33.065(7), which provides that the inability to comply with a court order is an affirmative defense to a finding of contempt. She appears to argue that, between

April 1995 and December 1996, she was unable to pay support. Specifically, Brant asserts that,

> "[d]uring the time frame in question, [she] gave birth to a daughter.[1]

> To support herself and her daughter, she received welfare benefits of $427.00 per month plus food stamp money. She did not receive child support, did not have any other source of income, and was not sharing expenses with anybody else. She had neither a babysitter nor the funds to afford to pay a babysitter. [She] had only a GED and no specialized job skills. Employment at a minimum wage job would not, in all likelihood, be sufficient to cover child care costs for her infant daughter, child support payments for her two sons, and living expenses for herself and her daughter.

> "* * * * *

> "It is not clear how the court expected [Brant] to meet the financial obligations every month imposed by the court order. The evidence establishes by a preponderance of the evidence that [Brant] was unable to comply with the support order during the relevant time frame. Her probation violation finding should be overturned for that reason."

In June 1996, Brant stipulated to the court's order modifying the conditions of Brant's probation. That order required her to pay $150 per month toward her obligations. Thus, to the extent that Brant is challenging that adjudication, she is attacking a condition that resulted from her stipulation and the implicit acknowledgment of her ability to pay that amount, at least as of June 1996. Her collateral attack on the June 1996 order cannot succeed. *See State v. Beavers*, 121 Or App 594, 856 P2d 332 (1993) (holding that a defendant who appealed from a judgment revoking his probation and sentencing him to six months in jail cannot successfully challenge on appeal a condition of probation imposed in an earlier order that was not appealed).

Furthermore, the judgment from which Brant appeals is a judgment finding her in violation of her probation. The judgment contains no finding of contempt but,

---

[1] Brant testified that her daughter was born in June 1995.

instead, specifically finds Brant in violation of her probation "for failure to pay court ordered obligations." Thus, the statutory affirmative defense available in a contempt proceeding on which Brant relies is inapplicable because the proceeding that resulted in the judgment from which she has appealed was a proceeding regarding her probation status rather than a contempt proceeding. However, even though the statutory affirmative defense was not available to Brant, she could still argue to the trial court that she was unable to comply with the probation conditions because of her inability to pay and, thus, was not in violation of her probation.

While Brant took the position with the trial court that she had an inability to meet her court-ordered obligations from April 1995 to December 1996, which includes the period after the June 1996 order was entered, the trial court was not required to accept her explanation for her nonpayment on this record. Moreover, Brant does not argue specifically that her financial circumstances changed after June 1996 and does not point to any particular circumstances that occurred after that time that impaired her ability to pay the amount to which she had previously agreed. Thus, the state's evidence of her failure to pay after the June 1996 order remained as *prima facie* evidence of a violation of her probation on which the trial court properly could rely as the basis for its finding. Because there is evidence to support the court's finding that Brant was in violation of her probation, the trial court did not err.

Affirmed.