## STATE OF OREGON,
*Respondent,*

*v.*

## CHARLES EDWARD TRAUTH,
*Appellant.*

(85071342; CA A37655)

722 P2d 47

Kent Hickam, Albany, argued the cause and filed the brief for appellant.

Linda DeVries Grimms, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for criminal trespass in the second degree. ORS 164.245.[1] He contends that the trial court erred in denying his motion for a directed verdict because no evidence was produced regarding one element of the crime. We reverse.

On June 28, 1985, the supervisor of the Willamette National Forest issued a closure order regarding portions of the Squaw Tree Timber Sale. The order closed unit #6 of the timber sale, along with roads 2046 000 and 2046 505. On July 9, defendant traveled to the vicinity of the timber sale. He walked from road 2044, down road 2046 000 (a closed road), to unit #7 (an open unit). Defendant was stopped in unit #7 by a deputy sheriff. From the place where he was stopped, defendant would have had to walk an additional mile down roads 2046 000 and 2046 505 before reaching unit #6. Defendant was cited for criminal trespass.

On July 11, 1985, defendant was charged as follows:

"The above-named defendant is accused by the District Attorney of Linn County, State of Oregon, by this Information of the offense of Criminal Trespass in the Second Degree, committed as follows:

"The said defendant did, in Linn County, State of Oregon, on or about July 9, 1985, unlawfully and knowingly enter and remain upon the premises located at Unit #6 of the Squaw Tree Timber Sale, Sweet Home District, Willamette National Forest, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

A jury trial was held on October 22. At the close of the state's case, defendant moved for a judgment of acquittal on the ground that the state had presented no evidence that he had entered unit #6. That motion was denied, and he was convicted.

---

[1] ORS 164.245 provides:

"(1) A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in or upon premises.

"(2) Criminal trespass in the second degree is a Class C misdemeanor."

The test for determining whether a motion for judgment of acquittal should have been granted is

"whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980), quoting *Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979). (Emphasis in original.)

The state had the burden of proving beyond a reasonable doubt each element of the crime with which defendant was charged. That included proving that he trespassed on unit #6. No evidence was presented to show that he was ever on unit #6. The trial court erred in not granting his motion for a judgment of acquittal. *City of Portland v. Miller,* 62 Or App 145, 149, 659 P2d 980 (1983).

Reversed.