## STATE OF OREGON,
*Respondent,*

*v.*

## DEXTER ALLEN STOTHOFF,
*Appellant.*

(88081742; CA A51023)

781 P2d 412

Stephen R. Ensor, Corvallis, argued the cause for appellant. With him on the brief was Ringo & Stuber, P.C., Corvallis.

Brenda Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his convictions for driving under the influence of intoxicants (DUII) and driving while suspended (DWS). ORS 813.010; ORS 811.182. He assigns error to the trial court's denial of his motions for judgment of acquittal on both charges. We affirm.[1]

The trial judge denied one motion at the end of the state's case. Defendant elected not to stand on his motion, but to present evidence. Accordingly, we must consider all the evidence and affirm if the record as a whole contains sufficient evidence to support a verdict against defendant. *State v. Nix,* 7 Or App 383, 384-85, 491 P2d 635 (1971); *see also State v. Johnson,* 10 Or App 423, 428, 500 P2d 500 (1972).

Police discovered defendant sleeping inside his truck, parked on the side of a remote country road. He was taken into custody and was later charged with DUII and DWS. At trial, the parties stipulated that defendant's driver's license was suspended. Defendant argues that his motions should have been granted, because the evidence was insufficient to support guilty verdicts. Specifically, he argues that the evidence was insufficient to show that he drove and that he drove while under the influence of intoxicants.

The test for determining whether a motion for judgment of acquittal should have been granted is whether, given the evidence, any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. *State v. Trauth,* 80 Or App 393, 396, 722 P2d 47 (1986).

Viewing the record as a whole, we conclude that there was sufficient evidence from which the jury could conclude that defendant drove the truck while intoxicated. The defense presented evidence that defendant was intoxicated earlier in the evening but that someone else drove the truck that he owned and in which he was found. The state presented evidence that defendant was found intoxicated, by himself, several miles from his home. Inside the truck were two empty

---

[1] Defendant assigns as errors the denials of his motions for judgment of acquittal at the conclusion of each party's evidence. He also assigns error to the court's exclusion of certain testimony and its denial of his motion for a new trial. We do not address defendant's other assignments of error, because they lack merit.

beer bottles, and the keys were in the ignition. The trial court did not err in denying defendant's motions on this record.

Affirmed.